Sullivan,   }
May 6, 1902. }

ROSSITER, *Adm'x*, v. COLBY.

An unaccepted offer by a debtor to pay the sum referees might find to be due upon a promissory note, and his proposal to compare books and papers with a view of determining his liability, do not constitute an unqualified admission of an existing debt, or an express promise to pay, sufficient to avoid the bar of the statute of limitations.

ASSUMPSIT, upon a promissory note payable to the plaintiff's intestate or order. Plea, the general issue, with a brief statement that the cause of action did not accrue within six years. Transferred from the November term, 1901, of the superior court by *Pike*, J.

The estate was settled in the insolvent course. At the commissioner's last hearing, the defendant presented a claim which was allowed in full. There was controversy as to whether the plaintiff's claim was submitted to the commissioner. The plaintiff's evidence tended to show that in the course of the discussion before the commissioner the defendant said, " I am willing to leave the matter to Mr. P., or any other fair-minded man, and if they say I owe the note, I'll pay it," but that this offer was not accepted by the plaintiff; that Edward Rossiter called upon the defendant in behalf of the plaintiff, and the defendant repeated the offer he had made to the plaintiff at the commissioner's hearing, and at the same time said, " I will compare books and papers, and if I owe that note I'll pay it "; that Rossiter accepted this offer to compare books and papers, and returned one evening for that purpose to the defendant's office, but the latter said to him, " I don't care to discuss this matter with you any further."

The defendant's motion for a nonsuit, made upon the ground that there was no evidence of a new promise, was denied *pro forma*, subject to exception.

*Edward E. Leighton* and *Martin & Howe*, for the plaintiff.

*Ira Colby & Son* (with whom was *Albert S. Wait*), for the defendant.

PARSONS, J.   The evidence does not disclose either an unqualified admission of an existing debt which the defendant was liable and willing to pay, or an express promise to pay the debt or to waive the statute.   The motion for nonsuit should have been granted.   The defendant could make overtures for a settlement to avoid litigation without being prejudiced thereby, although any independent admission made during a treaty of compromise would be binding upon him.   *Dodge* v. *Leavitt*, 59 N. H. 245.   But the defendant's offer to submit the matter in dispute to arbitration, or to compare books and papers, contained no admission of liability. An offer to pay a stipulated sum in settlement, unaccepted, is not evidence of a new promise even to the extent of the sum offered. *Dodge* v. *Leavitt, supra; Batchelder* v. *Batchelder*, 48 N. H. 23 ; *Atwood* v. *Coburn*, 4 N. H. 315, 316.   Much less is the unaccepted offer to pay what referees may find to be due evidence of a new promise to pay the whole debt.   *Hales* v. *Stevenson*, 9 Jur. N. S. 300 ;   *Curtis* v. *Sacramento*, 70 Cal. 412.   The plaintiff, being unwilling to take the risk of a reference, can claim nothing from the defendant's offer to pay what referees should find to be due. His proposal was merely an offer of compromise, not binding until accepted.   " It is well settled that no promise is to be raised by implication, in these cases, against the express declaration of the party at the time, nor beyond what he offers."   *Exeter Bank* v. *Sullivan*, 6 N. H. 124, 132 ;   *Stowell* v. *Fowler*, 59 N. H. 585 ; *Mooar* v. *Mooar*, 69 N. H. 643.   If the new promise is upon a contingency, the plaintiff cannot recover without proof of the happening of the event named.   *Betton* v. *Cutts*, 11 N. H. 170 ; *Stowell* v. *Fowler*, 59 N. H. 585 ; *Wiggin* v. *Hodgdon*, 63 N. H. 39.   The plaintiff's refusal to agree to a reference rendered impossible the happening of the event upon which the alleged new promise depended, *i. e.*, the finding by referees that some sum was due. Except in the event of such a finding, there was no promise to pay any sum.

The testimony of Edward Rossiter, that the defendant said, " I will compare books and papers, and if I owe that note I'll pay it," furnishes nothing for the jury.   It certainly cannot be construed

into an agreement to pay if, upon looking over books and papers, Rossiter came to the conclusion that the defendant owed the note ; and as no other person but the defendant was to participate, the statement merely amounts to an undertaking by the defendant to pay if he came to the conclusion that he owed the note. The statement, " If I owe that note I'll pay it," cannot be separated from the rest of the sentence. The whole must be taken together. There was no evidence of an unqualified promise to pay what was due ; and the soundness of the decision in *Eastman* v. *Walker*, 6 N. H. 367, referred to but not passed upon in *Dodge* v. *Leavitt*, 59 N. H. 245, 246, and in *Mooar* v. *Mooar*, 69 N. H. 643, 645, is a question not now presented.

*Exception sustained.*

All concurred.