Belknap, }
April 4, 1911. }

### THYNG v. HUSSEY.

### HUSSEY v. THYNG.

ASSUMPSIT. The two actions were tried together by *Stone*, J., who found a verdict for Thyng in his suit for $615.34 and for Hussey in his suit for $410.13, and ordered execution to issue for $205.21, the balance due Thyng. In the first suit there was a plea of the statute of limitations as to items amounting to $269.20 not accruing within six years of the date of the writ. The only evidence of a new promise was that Hussey said he thought the balance was in his favor, but he would look it up in his books, and if he found it otherwise he would pay. None of the disputed items appeared on his books. Subject to exception, the court ruled that these words constituted a new promise and included the items in the verdict. Transferred from the November term, 1909, of the superior court by *Pike*, J.

*Stephen S. Jewett* (by brief and orally), for Thyng.

*Napoleon J. Dyer* and *Charles B. Hibbard*, for Hussey.

PEASLEE, J. The case is not distinguishable from *Rossiter v. Colby*, 71 N. H. 386. The promise was a conditional one, and Thyng does not bring himself within its terms. His claim that the question has not been properly raised because there was no motion to set the verdict aside as against the evidence cannot be sustained. The presiding justice had ruled, subject to exception, that the evidence showed a new promise. That ruling was the law of the trial, and if it was correct the verdict was properly found. The question of the soundness of the ruling was properly saved (P. S., c. 204, ss. 11, 12), and this was all that was necessary to preserve the rights of the parties. *Batchelder v. Railway*, 72 N. H. 329.

The judgment for Thyng should be reduced to $346.14, and execution awarded to Hussey for the balance due him of $63.99, with interest from the date of the writ.

*Exception sustained.*

All concurred.