,No. 2,090.

REMI CHABOT, APPELLANT, *v.* JOHN W. TUCKER, RESPONDENT.

PRACTICE. — LACHES. — A failure to prosecute a motion for a new trial for the space of three months, does not constitute such laches as will warrant an inter-ference with the discretion, which, in such cases, is properly exercised by the Court below.

CAUSE OF ACTION. — NEW PROMISE. — When the creditor sues after the Statute of Limitations has run upon the original contract, or after a discharge in insolvency, his cause of action is not the original contract, but it is the new promise.

IDEM. — PLEADING. — The complaint must show a subsisting cause of action; and when the original cause has been barred by the statute, or a discharge in insolvency, and a new promise is relied on, the new promise must be pleaded.

APPEAL from the District Court of the Fourth District, City and County of San Francisco.

The facts are stated in the opinion.

*R. P. & Jabish Clement,* for Appellant.

*Patterson, Wallace & Stow,* for Respondent.

The real purpose of the statement in this cause, is to show upon what ground the District Judge based his decision in granting a new trial, and, perhaps, to endeavor, in an indirect and irregular way, to make out laches on the part of the defendant.

It is immaterial upon which of the grounds the Judge granted the motion, if his decision can be sustained on either ground upon which the motion was made. (*Bleven* v. *Freer,* 10 Cal. 172; *Helm* v. *Dumas,* 3 *Id.* 454; *Oullahan* v. *Starbuck,* 21 *Id.* 413; *Bolton* v. *Stewart,* 29 *Id.* 615; *Coghill* v. *Marks,* 29 *Id.* 673; *Grant* v. *Moore,* 29 *Id.* 644.) And so long as the District Court had possession of the case it was within the discretion of the Judge to treat it in any way in which the law and rules of the Court would justify.

By an insolvent's discharge the *debt* is discharged; the note only being resorted to for the purpose of making out a consideration, to make the promise valid and binding, and to constitute a cause of action, there must be a new promise. (*Depuy* v. *Swart,* 3 Wend. 139; *Moore* v. *Viele,* 4 *Id.* 441; *Soulden* v. *Van Rensselaer,* 9 *Id.* 297; *Fitzgerald* v.

(T.)

*Alexander,* 19 *Id.* 402; *Watson* v. *Bourne,* 10 Mass. 338; *Carshore* v. *Huyck,* 6 Barb. 586; *Wattemire* v. *Westover,* 14 N. Y. 20; *Van Allen* v. *Fitz,* 32 Barb. 142.)

It follows, therefore, that the new promise, and not the note, constituted the cause of action, and should have been counted upon in the complaint.

TEMPLE, J., delivered the opinion of the Court:

The statement on motion for a new trial was settled on the 13th day of September, A. D. 1867, and the motion was granted on the 28th of December following. We are not prepared to say that there was such laches in prosecuting this motion as will warrant our interference with the discretion which, in such cases, is properly exercised by the Court below. This Court cannot possibly be as well advised of the circumstances which may excuse delay, and it is only a clear abuse of that discretion which would justify a reversal of the case on that ground.

And, besides, if we can regard the statement on appeal by which this laches is supposed to be shown, the motion seems to have been made in proper time, and for aught that appears, respondent's counsel could have had it disposed of as soon as it was reached. Having made his motion, appellant was not compelled to argue it, and under the rules of that Court, which are not in the record, his absence may have had the effect only to waive his right to an argument. The action of the Court in this case favors that hypothesis, and the case seems to have been postponed, not because of the absence of respondent's counsel, but because appellant declined to argue the case in his absence. If, under the rules of that Court, the motion was properly considered as having been made and submitted, the fact that counsel did not choose to make an argument was no waiver of the motion. (*Carder* v. *Baxter,* 28 Cal. 99.)

The proper subjects of review in this Court are the rulings and decisions of the District Court, but not the reasons given for such rulings. The fact that the statute requires the Judge to state in writing the grounds upon which the

motion was granted or denied does not make it incumbent on the prevailing party to defend the logic of the Judge. It is enough if the decision be correct.

The action was brought on a promissory note. The answer avers a discharge in insolvency. On the trial no issue was made upon the note or discharge, but the plaintiff introduced evidence of a promise made after the discharge, and upon such evidence obtained judgment, which was set aside by the order appealed from.

The answer sets up a complete defense to the cause of action stated in the complaint. It is admitted to be true in every respect, and yet the plaintiff recovered judgment really upon a contract not alluded to in any of the pleadings. No part of the evidence tended to support or contradict any of the allegations of the pleadings of either party; nor was it at all pertinent to any issue made by the pleadings.

If the insolvency proceedings had been attacked for fraud the defendant would naturally have been equally unprepared by the pleadings for his defense. Any one of many transactions prior to or at the time of the proceedings might have been attacked, and under this system of pleading the defendant would have had no notice.

Under the old system of pleading this practice was permitted, although it was always considered anomalous, and it certainly is at variance with the true object of all pleading. (*Depuy* v. *Swart*, 3 Wend. 139.) Under the former system a suit could be brought upon an indebtedness which had been barred by the Statute of Limitations, and the declaration would be held good, although it should appear upon its face that the debt had been barred.

In this State, under the Practice Act, the complaint must show a subsisting cause of action, or it will be held bad upon demurrer. In other words, we have adopted the rule which prevailed in equity. When, therefore, the original cause of action has been barred by the statute, and a new promise is relied upon, the new promise must be pleaded.

Counsel for defendant claim that there is a distinction between a debt discharged by proceedings in insolvency and one barred by the Statute of Limitations, in this, that

by the discharge in insolvency the debt is discharged, and the Statute of Limitations only bars the remedy; but we think it is a distinction without a difference. In either case the creditor is deprived of his right of action, but in neither is the debt paid. The legal liability is wanting in either case, and in both the moral obligation remains and will sustain a new promise to pay.

It is not true that a mere acknowledgment or recognition of the debt is sufficient to remove the bar of the statute. Owing to the hostility formerly felt by the Courts, and particularly by Lord Mansfield, to the statute, a promise was inferred from very slight evidence, and was often implied from an acknowledgment of the debt as a subsisting one; but the most positive acknowledgment of an existing indebtedness was insufficient, if accompanied by a declaration or qualification, which would be inconsistent with an intention to pay. The promise was sometimes implied from an acknowledgment; but this was a rule of evidence, and the promise was still the ultimate fact to be proven, of which the acknowledgment or recognition of the debt was merely probative.

If it be necessary to maintain that the debt still subsists, in order to furnish a consideration for the new promise to pay a debt barred by the Statute of Limitations, it would seem to be equally necessary to suppose an existing debt to support the promise to pay a debt after discharge in insolvency.

On the other hand, if the moral obligation growing out of the original legal liability is sufficient to sustain the new promise to pay the debt discharged by insolvent proceedings, it seems to be equally so as to the debt barred by the statute; and doubtless this is the most consistent theory upon which the new promise can be sustained in either case, and this does away the solecism of a supposed subsisting debt, without legal liability; for the idea that the debt still subsists, can only mean that the moral obligation still continues; for, in law, the debt is not recognized as subsisting, except as a valid consideration for a new promise, and the moral obligation is sufficient for that and is universally

recognized as the ground upon which the new promise is sustained. The moral obligation to pay the debt does not depend at all upon the question whether we consider the debt itself barred by the statute, or only the remedy, but upon the fact that the debtor has received and the creditor parted with the consideration for the debt; that it has never been in fact paid, and that *in foro conscientiæ* it ought to be paid, notwithstanding the bar.

In *Smith* v. *Richmond* (19 Cal. 476), the Court said, *arguendo*, that in cases arising under the Statute of Limitations, where a new promise is relied upon, the judgment must be upon the old contract, and the new promise must be considered as removing the bar arising from the statute, and not as creating a new and substantial contract, which could be the basis of a judgment. This conclusion is supported by many authorities cited in the opinion, but it was not necessary for the determination of that case, and is opposed to the general current of modern decisions upon the subject, and, so far as this doctrine is concerned, was entirely overruled by this Court in *McCormick* v. *Brown* (36 Cal. 180.)

In that case. Mr. Justice RHODES, delivering the opinion of the Court, says : "When the creditor sues, after the statute has run upon the original contract, his cause of action is not the original contract, for his action thereupon is barred, but it is the new promise. There are many authorities the other way, some holding that the new promise takes the case out of the statute, others that it removes the bar of the statute, and others still that it revives the original contract. But the better opinion is, that the action is sustained only upon the new promise, the original contract, or the moral obligation arising thereupon, binding *in foro conscientæ*, notwithstanding the bar of the statute, being the consideration for the new promise."

The Practice Act requires that the complaint shall state the facts which constitute the plaintiff's cause of action, and, of course, under this rule he should state all the ultimate facts upon which he relies to recover, and the new

promise being, as was held in the above case, the substantive cause of action, must be stated.

This reasoning applies with at least equal force to the case in which the creditor seeks to recover after a discharge by insolvent proceedings, and relies upon a new promise made after the discharge. The suit could not be maintained upon the original liability, for the debtor has been discharged from that by the insolvent proceedings.

Under this view it was error to permit the plaintiff to introduce evidence of the new promise, as the pleadings now stand, and the order must be affirmed.

So ordered.

WALLACE, J., having been of counsel in the Court below, did not participate in the decision of this cause.