[No. 11267.   Department One. — August 17, 1886.]

N. GREENE CURTIS ET AL., APPELLANTS, *v.* CITY OF SACRAMENTO, RESPONDENT.

DEBTOR AND CREDITOR — WRITTEN ACKNOWLEDGMENT OF DEBT — AGREEMENT TO ARBITRATE — STATUTE OF LIMITATIONS. — A written agreement between a debtor and creditor for the arbitration of a disputed indebtedness, which recites in general terms the fact of indebtedness, and contains a promise by the debtor to pay the amount of the award, whether made before or after the statute of limitations has run against the demand, is not sufficient to defeat the bar of the statute in an action brought on the original indebtedness after the statute has run.

APPEAL from an order of the Superior Court of Sacramento County refusing a new trial.

In 1876, the plaintiffs were employed by the defendant to conduct certain litigation upon a contingent fee. Being successful, they presented a claim in the sum of ten thousand dollars to the board of trustees of the defendant. On the 24th of December, 1877, their claim was rejected. On the 29th of July, 1878, the plaintiffs and defendant entered into an agreement to submit the claim to arbitration. The agreement provided that the amount of the award should be allowed by the board of trustees, and entered as a judgment against the city. Under the

agreement, on the 13th of January, 1879, an award was made in favor of the plaintiffs for six thousand dollars. On the 8th of August, 1880, the plaintiffs presented the award and their claim thereon to the board of trustees, who rejected the claim. They thereupon commenced an action upon the award, in which judgment was rendered in favor of the defendant on the ground that the award was invalid for want of notice to the parties. On the 28th of July, 1882, the present action was commenced on the original indebtedness. The defendants pleaded the statute of limitations. On the trial, after the evidence was closed, the plaintiffs asked leave to amend their complaint by inserting the compromise agreement, with an averment that the same constituted an acknowledgment and promise by the defendant. The court refused to allow the amendment. The further facts are stated in the opinion of the court.

*Freeman & Bates*, for Appellants.

*W. A. Anderson*, and *A. P. Catlin*, for Respondent.

McKINSTRY, J.—1. As was said by the learned judge of the Superior Court, "this action is not upon the original verbal promise. There is no averment that the defendant promised to pay plaintiffs what their services should reasonably be worth, and that they were worth ten thousand dollars. The averment is, [that in 1878 the defendant was indebted to the plaintiffs in the sum of ten thousand dollars for professional services, and that thereafter, on the 29th of July, 1878,] the defendant promised in writing to pay to the plaintiffs the sum of ten thousand dollars within two years from the twenty-ninth day of July, 1878; and the only promise in writing offered in evidence is the agreement to arbitrate. But that agreement contains no promise to pay ten thousand dollars, or any other specific sum of money. There was merely an agreement to submit matters in controversy

to arbitrators. They awarded six thousand dollars, and the court set aside the award. The written promise is not, therefore, the promise alleged."

If the court below had allowed the proposed amendment to the complaint, the result must have been the same.

It is urged that the recital in the arbitration agreement—"Whereas, the city of Sacramento is indebted to the firm of Curtis & Clunie for legal services rendered by said firm in the several actions, . . . . and whereas, the board of trustees of said city and said firm differ as to the amount of said indebtedness," etc.—is an acknowledgment in writing such as is contemplated by section 360 of the Code of Civil Procedure.

While a debt barred by the statute of limitations may be revived by an implied promise created by a clear and unqualified acknowledgment of the debt, yet if the acknowledgment be accompanied by such qualifying expressions or circumstances as repel the idea of a contract to pay, except to the extent or upon the conditions named, no implied promise to pay absolutely is created. (*Biddel* v. *Brizzolara*, 56 Cal. 380.) The acknowledgment must be a direct, unqualified, and unconditional admission of a debt which a party is liable and is willing to pay. The most positive acknowledgment of a pre-existing debt is insufficient if accompanied by a declaration which is inconsistent with an intention to pay. (*McCormick* v. *Brown*, 36 Cal. 185; *Chabot* v. *Tucker*, 39 Cal. 437.) If the debtor simply acknowledges an old debt, the law implies from that simple acknowledgment a promise to pay it, for which promise the old debt is a sufficient consideration. But if the debtor promises to pay the debt when he is able, or by installments, etc., the creditor can claim nothing more than the promise gives him. (*Phelps* v. *Phelps*, 3 Hare, 281.)

We agree with the learned judge below. "The agreement to arbitrate does not contain any such an acknowl-

edgment of a pre-existing debt as will support a general implied promise to pay it. . . . . When there is a written acknowledgment of a debt, not coupled with any promise, the law will imply a general promise to pay; but when the acknowledgment is accompanied by a particular promise, the law will imply none other. In such case, the acknowledgment is not direct and general, but qualified and conditional; and if it contains any cause of action, that cause must be based upon the contract which the instrument expressly states. In the case at bar, the acknowledgment contained in the recital in the first part of the written agreement to arbitrate is coupled with an express promise to do a particular thing, viz., to pay what the arbitrators shall award. The instrument contains no other promise to pay, express or implied. The recital which is claimed to be the acknowledgment is intended for the very purpose of explaining and pointing the particular promise which follows. It cannot, therefore, be construed to be a 'new or continuing contract' to pay upon a former obligation."

It is insisted, however, that here the acknowledgment was made before the statute had run upon the original oral contract; that the defendant had no power to attach any condition, and that we must disregard the express promise, and look at the acknowledgment alone.

It has been said that a promise made before the statute has run vitalizes the old debt for another statutory period, while an acknowledgment or promise made after statute has run gives a new cause of action, for which the old debt is the consideration. This distinction would seem, however, only to have affected the question of remedy. (Wood on Limitations, 81.) Mr. Wood says: "The plaintiff may in the latter case, but not in the former, declare upon the new promise; "but," he adds, "the practice in most of the states is to declare upon the old debt, and when the statute is pleaded to reply the new promise, and the issue is then upon the

plea and the replication, the replication to that extent being treated as a declaration upon the new promise. . . . . It makes no difference in this respect that the promise is conditional. If the debtor does not perform the conditions agreed to by him, the creditor is remitted to his original remedy, and to a plea of the statute thereto, and he must rely upon the new promise; and if upon the plaintiff's part there is no fault as to the failure of conditions, the new promise becomes an absolute one upon the old debt." (Id.)

In this state, under the code, whenever the action is brought after the statute has run, the plaintiff can avoid a demurrer to his complaint only by averring the new promise. (*Chabot* v. *Tucker, supra.*) The declaration is always on the new promise.

Even if an unqualified promise made before the original cause of action was barred could be treated as merely modifying the original contract,— by extending the time of payment with reference to the statute of limitations,— a qualified and conditional promise, differing from the general promise to pay, must be held to be a distinct and substituted contract, and as the only contract in force after the original contract is barred. In an action brought on one promise a plaintiff cannot recover upon proof of another and different promise. The fact that the new contract was entered into before the original cause of action was barred cannot control nor change the terms or conditions of the new contract.

In the case at bar, the complaint alleged a new promise not proved.

If the proposed amendment had been inserted in the complaint, the complaint would then have been subject to demurrer, because the complaint would have shown that no valid award had been made by the arbitrators.

Section 337 of the Code of Civil Procedure was properly pleaded. Even if it should be conceded that the first subdivision of 339 should have been pleaded (and

not section 339 generally), the action, as we have seen, was not brought on the oral promise. This is also an answer to the suggestion that the running of the statute against the oral promise was suspended during the arbitration proceedings.

Order affirmed.

Ross, J., and MYRICK, J., concurred.