[L. A. No. 446. Department One.—September 15, 1898.]

## HUGH TODD, Appellant, v. BOARD OF EDUCATION OF THE CITY OF LOS ANGELES, Respondent.

ACTION FOR VALUE OF BUILDING PLANS—RESOLUTION OF BOARD OF EDUCATION—STATUTE OF LIMITATIONS.—An action to recover the reasonable value of architectural plans and specifications for an addition to a school building, which had been merely adopted by a resolution of the board of education, without further action on its part, is upon a contract not founded upon an instrument of writing, and is subject to the limitation of two years provided in section 339 of the Code of Civil Procedure.

ID.—RESOLUTION NOT ACTIONABLE AS A WRITTEN INSTRUMENT.—The resolution of the board of education, not having expressed any contract or obligation to pay the plaintiff any sum of money for the plans adopted, cannot, of itself, as a written instrument, be the foundation of an action to compel payment.

APPEAL from a judgment of the Superior Court of Los Angeles County. J. W. McKinley, Judge.

The facts are stated in the opinion.

John W. Kemp, and Theodore Martin, for Appellant.

W. E. Dunn, and Albert Crutcher, for Respondent.

BRITT, C.—On November 21, 1892, plaintiff submitted to the defendant board certain architectural plans and specifications for an addition to a school building in the city of Los Angeles. So far as appears, the only action taken by said board at any time in that behalf was evidenced by the following entry in its minutes made on the day aforesaid: "Dr. Barber [a member of the board] moved that the plans of H. Todd for the enlargement of the Spring street building be adopted. Carried." More than two years thereafter plaintiff commenced this action to recover the alleged reasonable value of said plans and specifications, stated at five hundred dollars. The court below held that his suit is barred by the provision of the statute of limitations requiring an action upon a contract, "not founded upon an instrument of writing" to be brought within two years after the cause of action accrues. (Code Civ. Proc., sec. 339.) Plaintiff contends, as we understand the argument, that said

minute entry is an 'instrument of writing,' so that his case is not within said section of the statute.

If said entry is in any legal sense an instrument of writing, it is yet one expressing no contract or obligation to pay plaintiff anything; therefore it cannot be of itself the foundation of an action to compel payment; we forbear discussion—which could hardly make the conclusion plainer. (*McCarthy v. Mt. Tecarte Land etc. Co.*, 111 Cal. 340; *Thomas v. Pacific Beach Co.*, 115 Cal. 136; *Foorman v. Wallace*, 75 Cal. 555; *Hoag v. Howard*, 55 Cal. 564.)

The judgment should be affirmed.

Chipman, C., and Belcher, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

McFarland, J., Temple, J., Henshaw, J.