[Sac. No. 570. Department Two.—February 6, 1900.]

L. H. RODGERS, Respondent, v. J. D. BYERS, Appellant.

STATUTE OF LIMITATIONS—ACTION UPON NEW ACKNOWLEDGMENT OR PROMISE— BAR OF STATUTE — CONDITIONAL PROMISE.—Action must be brought not upon the original obligation, but upon the new acknowledgment or promise, if made after the original obligation is barred by the statute of limitations, and also upon a conditional promise made before such bar has attached, if the action is brought thereafter.

ID.—COMPLAINT UPON CONDITIONAL PROMISE.— Where a conditional promise is relied upon, it must be pleaded as made, and the breach of the condition must be averred and proved, and the recovery had after such showing.

ID.—ACTION UPON NOTE—PLEADING—CONTINUING CONTRACT—ABSOLUTE PROMISE.—A complaint in an action upon a note which alleges absolute written promises made by the defendant before the bar of the statute attached upon the note to pay the amount thereof, and which shows upon its face that the note would otherwise ·be barred, avers a continuing contract, and the action appears to be properly brought upon the original obligation.

ID.—VARIANCE—PROMISE TO PAY WHEN ABLE.—The action upon the note as a continuing contract cannot be sustained by proof of letters containing a conditional promise to pay the note when able. In such case, the variance is fatal; and the action could only have proceeded upon the promise as made, with an averment in the complaint of condition broken, after defendant's ability to perform.

APPEAL from a judgment of the Superior Court of Lassen County. F. A. Kelley, Judge.

The facts are stated in the opinion of the court.

Goodwin & Goodwin, for Appellant.

Spencer & Raker, and H. D. & G. S. Burroughs, for Respondent.

HENSHAW, J.—Plaintiff pleaded that upon the first day of July, 1891, the defendant executed to her a demand promissory note for twelve hundred and fifty-six dollars and sixty-four cents; that there was due, owing, and unpaid upon the note the sum of twelve hundred and fifty-six dollars and sixty-four cents, with interest thereon from the eighteenth day of January, 1895, at the rate of ten per cent per annum. The action was commenced upon October 19, 1896, after the statute of limitations had barred the right of action upon this note. But plaintiff further pleaded that on the ninth day of July, 1893, the defendant made and delivered to her an instrument in writing, signed by him, wherein he acknowledged to her that he was indebted to her in the sum and principal and interest named in the note, and promised her that he would pay her the whole amount of the principal and interest then due and owing, as stated in said promissory note. A like acknowledgment and promise are averred as of the 24th of January, 1894, the second day of August, 1894, and the twenty-fourth day of December, 1895. The prayer of the complaint was for judgment for the principal sum of the promissory note, with interest and costs. Defendant demurred to this complaint for insufficiency of facts, for uncertainty, and upon the further ground that the cause of action was barred by the provisions of section 337 of the Code of Civil Procedure. His demurrer hav-

ing been overruled, he answered, specifically denying the alleged acknowledgments and promises, and again pleaded the bar of section 337 of the Code of Civil Procedure.

The court found the acknowledgments and promises to have been made as pleaded, and gave judgment for plaintiff.

It is said in support of the demurrer that it cannot be determined from the complaint whether the action is upon the promissory note or whether it is upon the acknowledgments and promises which it is contended relieved the original contract from the bar of the statute. It seems to be well settled in this state:

1. That when the statute of limitations has barred the remedy upon the original obligation, and an acknowledgment or a promise made after such time is relied upon, the action is not upon the original obligation, but is upon the new acknowledgment, and the implied promise raised by the law, or is upon the new express promise. (*McCormick v. Brown*, 36 Cal. 180; 95 Am. Dec. 170; *Chabot v. Tucker*, 39 Cal. 434; *Biddel v. Brizzolara*, 56 Cal. 374; *Lambert v. Schmalz*, 118 Cal. 33.)

2. If the acknowledgment or the promise be made while the original obligation is legally enforceable, and, if no conditions be attached to the promise, then, though brought after the statute of limitations otherwise would have barred the remedy against the original obligation, the action is still upon the original obligation, which becomes "a continuing contract" under section 360 of the Code of Civil Procedure, because the bar of the statute has been lifted and removed. (*McCormick v. Brown, supra; Chaffee v. Browne*, 109 Cal. 211; *Southern Pac. Co. v. Prosser*, 122 Cal. 413.)

3. But, upon the other hand, in the case of a new promise, made while the original obligation is legally enforceable, if that promise be not a general promise to pay the obligation according to its tenor and terms, but is a promise coupled with any condition, and an action is brought after the statute of limitations would have barred the remedy upon the original obligation, the action of plaintiff is then upon the substituted, conditional promise, and not upon the original obligation. Such substituted, conditional promise must be pleaded, the breach of it averred, and the recovery had after such showing. (*Curtis v. Sacramento*, 70 Cal. 412.)

It is apparent in this case that the pleader brings his action under the second class of cases above set forth. It is an action upon a promissory note, with averments showing the note to be a continuing contract not barred by the statute of limitations because of the express promise of the payee to pay it according to its terms. The complaint is thus sufficient to pass demurrer. But the evidence as to the promises does not support the allegations of the complaint. The promises are found in certain letters written by defendant to plaintiff. In one he says: "I will liquidate that note as soon as I can get the money." In the second he writes: "I wish it was in my power to send you money at this time, but it is not. Will send you some as soon as I can get it. I hope to get money soon. Will sell cattle at first good offer." In the third is this language: "I have no intention of not paying the note, and will as soon as I can, but can't now." In none of these letters is there an absolute and unconditional promise to pay. The promise in each case is made conditional upon the promisor's financial ability. There is a variance then between the allegation and the proof, and the case as proved comes within the third of the classes above mentioned. In *Curtis v. Sacramento, supra,* it is said: "If the debtor simply acknowledged an old debt, the law implies from that simple acknowledgment a promise to pay it, for which promise the old debt is a sufficient consideration; but if the debtor promises to pay the debt when he is able, or by installments, etc., the creditor can claim nothing more than the promise gives him." This decision is abundantly supported. (*Richardson v. Brecker,* 1 West Coast Rep. 27; 2 Greenleaf on Evidence, sec. 440; Wood on Limitation of Actions, sec. 78; 13 Am. & Eng: Ency. of Law, 754.) Nor can the respondent, under the showing made, be permitted to reject the promise and rely upon an acknowledgment from which the law will imply a promise; for, as is said in *McCormick v. Brown, supra:* "When the express promise is shown, the acknowledgment, if there be one, has no effect, for the law will not imply a promise in the presence of an express promise."

Plaintiff's action, as established, then, was an action upon a conditional promise made before the statute of limitations had barred the original obligation, with suit brought after the bar

of the statute. The promise being a conditional promise, plaintiff's action was not upon the original obligation under the theory that the contract was a continuing contract, but should have been as laid down in *Curtis v. Sacramento, supra,* an action for the breach of the conditional promise, in which it would have been necessary for the plaintiff to allege the promise and show the condition broken after defendant's ability to perform. It follows that the variance between the allegations and proofs in this case is fatal to plaintiff's recovery, for plaintiff, having declared upon one promise, cannot recover upon proof of another and different promise. (*Curtis v. Sacramento, supra.*)

Objection is made by appellant to the ruling of the court in admitting in evidence letters written from defendant to plaintiff, containing the promises above mentioned. We do not think it necessary to consider these objections at this time. They go to the sufficiency of the preliminary proofs of mailing and reception, and the objections will doubtless be obviated upon a new trial.

For the foregoing reasons the judgment and order are reversed and the cause remanded.

McFarland, J., and Temple, J., concurred.

Hearing in Bank denied.