[S. F. No. 9560. In Bank.—July 10, 1922.]

MRS. MARY CLUNIN, Appellant, v. FIRST FEDERAL TRUST COMPANY (a Corporation), Executor, etc., Respondent.

[1] STATUTE OF LIMITATIONS—PAYMENT ON DEMAND.—Where a promise to pay money is payable on demand the statute of limitations begins to run thereon at the date of its execution.

[2] ID.—CHECK STUBS — INTEREST ON PROMISSORY NOTE — INSUFFICIENT ACKNOWLEDGMENT OF DEBT.—Check stubs showing the payment of interest on a promissory note barred by the statute of limitations do not constitute an acknowledgment or a promise sufficient to take the case out of the operation of the statute of limitations within the meaning of section 360 of the Code of Civil Procedure, where they are separated from the checks prior to delivery and not communicated to the payee in any manner.

[3] ID.—CHECKS—INSUFFICIENT ACKNOWLEDGMENT OF DEBT.—Checks given by the maker of a promissory note to the payee which are shown by the check stubs to have been given in payment of interest on the note are not a sufficient acknowledgment or promise of the debt to toll the statute of limitations under section 360 of the Code of Civil Procedure, where the checks of themselves make no

---

1. Limitation of actions on obligations payable on or after demand, note, 136 Am. St. Rep. 469.

reference to the existence of any debt and contain no promise of any sort to pay money or in discharge of a debt of any character.

[4] ID.—ACKNOWLEDGMENT OF DEBT—SUFFICIENCY OF WRITING.—No writing is sufficient as an acknowledgment under section 360 of the Code of Civil Procedure, unless it contains some reference to a debt, which, either of itself or with the aid of permissible evidence of extrinsic facts in explanation, amounts to an admission that there is a debt existing to the creditor to whom the writing is sent which the debtor is liable and willing to pay.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George E. Crothers, Judge. Affirmed.

The facts are stated in the opinion of the court.

Joseph G. De Forest and Charles A. Shurtleff for Appellant.

Cushing & Cushing for Respondent.

SHAW, C. J.—The action was upon a promissory note for $3,000, executed by Jeremiah Lynch to the plaintiff, on April 20, 1909, payable on demand.

By demurrer to the complaint, and also by way of answer, the defendant interposed the defense that the action was barred by the statute of limitations. The court found in favor of the defendant on this defense, and rendered judgment accordingly.

[1] Where a promise to pay money is payable on demand the statute of limitations begins to run thereon at the date of its execution. (*O'Neil* v. *Magner,* 81 Cal. 631 [15 Am. St. Rep. 88, 22 Pac. 876]; *Jones* v. *Nicholl,* 82 Cal. 32 [22 Pac. 878].) The period of limitation is four years (Code Civ. Proc., sec. 337), and consequently, unless the time is extended in some manner, an action on the note became barred after April 20, 1913. This action was not begun until May 31, 1918.

Section 360 of the Code of Civil Procedure provides that "No acknowledgment or promise is sufficient evidence of a new or continuing contract, by which to take the case out of the operation of this title, unless the same is contained in some writing, signed by the party to be charged thereby." On behalf of the plaintiff it is claimed that the

case is taken out of the operation of the statute of limitations by certain writings executed by Jeremiah Lynch and proven at the trial. These writings consist of checks signed by Jeremiah Lynch, payable to the order of plaintiff, together with the memoranda made by Lynch on the stubs to which said checks were attached at the time they were made, showing the amount of the check and the purposes for which it was executed. Some of these checks and memoranda were made prior to the expiration of the period of limitation after the date of the note, and some of them were made after the expiration of that period. As they are all of the same character, it will not be necessary to state more than one of them. The first check is as follows:

"San Francisco 15th April, 1912.
"The Bank of California, National Association
"San Francisco
"Pay to the order of Mrs. M. Clunin..............$196
One hundred and ninety-six dollars.
"JEREMIAH LYNCH"

The stub opposite this check was as follows:

        "No. 1076
        Date 15th April 1912
        To Mrs. M. Clunin
        Quart. Annuity to 1 Apl           150
        Int. on 3000# at 6% three months 45
        Sundry                             1"

Similar checks, for which similar stubs were entered in the check-book, were introduced in evidence bearing date as late as April 14, 1917. Consequently, if these transactions operated as an acknowledgment or promise sufficient to take the case out of the operation of the statute of limitations within the meaning of section 360 of the Code of Civil Procedure, the action was not barred. These checks were transmitted to the plaintiff by said Jeremiah Lynch. It does not appear that they were accompanied by any letter or other writing referring to the purpose for which the checks were executed. The stubs to which the checks were originally attached were separated from the checks before the checks were sent to Mrs. Clunin, and were not in any manner communicated to her by the deceased.

[2] So far as the stubs are concerned, it is well established in this state that they do not constitute an ac-

knowledgment or a promise sufficient to take the case out of the statute of limitations, since they were never communicated to the creditor, Mrs. Clunin. In *Biddel* v. *Brizzolara,* 64 Cal. 355 [30 Pac. 609], it being on the second appeal in that case, the court said on this subject: "It is very certain that an actual promise can only be made to the creditor, and it follows that the acknowledgment from which the promise is to be inferred must be made to the creditor." This proposition is thoroughly established by the authorities and we have no decision to the contrary.

[3] It is earnestly insisted by counsel for the appellant that the execution of the checks and the sending of them to Mrs. Clunin constituted a sufficient acknowledgment or promise to toll the statute. It will be observed that the checks of themselves make no reference to the existence of any debt, and contain no promise of any sort to pay money in discharge of a debt of any character. They all include in the amount stated a sum which the stubs show was intended to pay quarterly interest on a $3,000 debt, but that fact nowhere appears upon the check itself; none of them was for that exact sum; they all include sums for other purposes.

The law is well established in this state by numerous decisions that the acknowledgment or promise referred to in section 360 must be in writing, and that the writing, whether in the form of a promise or not, must contain some reference to an existing debt owing to the creditor, which the debtor is willing to pay. It must, of itself, acknowledge the debt. The first decisions upon the subject, those in *Fairbanks* v. *Dawson,* 9 Cal. 89, and *Barron* v. *Kennedy,* 17 Cal. 574, showed some uncertainty with respect to the character of the writing by which the acknowledgment should be shown and concerning the effect of the statute then in force, which was substantially the same in language as section 360, but in later cases the law has been crystallized into a clear statement of the rule. In *McCormick* v. *Brown,* 36 Cal. 185 [95 Am. Dec. 170], where the court was considering the effect of a letter as an acknowledgment of a debt, it was said: "The acknowledgment referred to in the statute is not such as may be deduced by inference from a promise or an offer to pay a part of the debt, or to pay the whole debt in a particular

manner, or at a specified time, or upon specified conditions. The acknowledgment, say the cases, must be a direct, distinct, unqualified, and unconditional admission of the debt which the party is liable and willing to pay."

In *Biddel* v. *Brizzolara*, 56 Cal. 380, the court was considering a plea of the statute of limitations upon a promissory note secured by mortgage on real estate and the effect of an agreement executed by the maker of the note and a third person, wherein it was recited that the third person "assumes a mortgage now on said property held by Phillip Biddel, principal and interest amounting to $6,090." The court said: "The 'acknowledgment' must be a direct and unqualified admission of an existing debt which the party is *willing to pay.*" And in connection with the quotation it gives a passage from *Bell* v. *Morrison*, 1 Pet. 362 [7 L. Ed. 174, see, also, Rose's U. S. Notes], containing the following: "Such an acknowledgment ought to contain an unqualified and direct admission of a previous subsisting debt, which the party is liable and willing to pay."

In *Pierce* v. *Merrill*, 128 Cal. 476 [79 Am. St. Rep. 63, 61 Pac. 68], the last sentence of the above quotation from *McCormick* v. *Brown* is quoted and followed. The same idea has been stated in slightly different language as follows: "The acknowledgment must be a direct, unqualified, and unconditional admission of a debt which a party is liable and is willing to pay." (*Curtis* v. *Sacramento*, 70 Cal. 414 [11 Pac. 748].) "The distinct and unqualified admission of an existing debt contained in a writing signed by the party to be charged, and without intimation of an intent to refuse payment thereof, suffices to establish the debt to which the contract relates as a continuing contract, and to interrupt the running of the statute of limitations against the same." (*Southern Pac. Co.* v. *Prosser*, 122 Cal. 415 [52 Pac. 837, 55 Pac. 145].) "The acknowledgment of a debt in contemplation of this statute must be a distinct, unqualified, unconditional recognition of an obligation for which the person making such admission is liable." (*Powell* v. *Petch*, 166 Cal. 331 [136 Pac. 56].)

There are expressions in some of the opinions of this court which have apparently been misunderstood, and we deem it proper here to give some explanation and qualification thereof. The remarks in *Barron* v. *Kennedy*, 17 Cal. 574,

seem to say that a part payment alone is sufficient to take
the debt out of the statute, if it is not accompanied by some
declaration qualifying the implied admission of the existence
of the debt.   In that immediate connection the necessity
of a writing is not mentioned, except to say that it should
be proven by a writing, but, as was explained in *Heinlin*
v. *Castro,* 22 Cal. 100, the decision in the Kennedy case
was predicated upon the letters accompanying the transmis-
sion of the money and which showed that it was to be ap-
plied on a debt due to the plaintiff.   This view of the case
is further emphasized by the decision in *Peña* v. *Vance,* 21
Cal. 149.   In that case the court was asked to reconsider
the doctrine of the earlier cases, and upon this point the
opinion says: "On examination of the matter a second time,
we are satisfied that the statute intended to exclude all
acknowledgments and promises not in writing; and that a
promise implied from the fact of part payment cannot with
any propriety be made an exception."   In *Concannon* v.
*Smith,* 134 Cal. 14 [66 Pac. 40], the letter held to be a suffi-
cient acknowledgment under the statute, although it dis-
tinctly referred to an existing debt, did not describe the debt
with any certainty, and it was held that the fact that there
was but one debt in existence to which it could refer could
be proven as an extrinsic fact to explain the uncertainty
in the writing.   This, of course, is expressly allowed by sec-
tion 1860 of the Code of Civil Procedure, in any case of
ambiguity in a writing.

Several decisions contain language apparently indicating
that an acknowledgment made by an act or by conduct,
although not in writing, may be sufficient to take the case
out of the operation of the statute.   The context, however,
in each case shows that the act or conduct which the court
was referring to was a writing which contained an acknowl-
edgment of the debt sufficient to come within the rule stated
in the foregoing decisions.   Such expressions are found in
*Fairbanks* v. *Dawson, supra, Tuggle* v. *Minor,* 76 Cal. 101
[18 Pac. 101], and in *Minifie* v. *Rowley,* 187 Cal. 481 [202
Pac. 673, 675].

[4] It is clear from all these decisions that no writing
is sufficient as an acknowledgment under section 360, unless
it contains some reference to a debt, which, either of itself or
with the aid of permissible evidence of extrinsic facts in ex-

planation, amounts to an admission that there is a debt existing to the creditor to whom the writing is sent which the debtor is liable to pay and willing to pay. The checks introduced in evidence do not come up to this standard since they contain no reference whatever to any debt, or any language which can be said to be uncertain in its meaning and subject to explanation by the aid of extrinsic circumstances so as to be made to refer to a debt.

Our conclusion is that the court below was correct in holding that the action is barred by the statute of limitations.

The judgment is affirmed.

Waste, J., Lennon, J., Sloane, J., and Wilbur, J., concurred.

Mr. Justice Shurtleff, being disqualified, did not participate in the foregoing opinion.

Rehearing denied.

All the Justices concurred, except Myers, J., pro tem., who dissented.