[L. A. No. 8877. Department One.—December 13, 1927.]

ANDREW J. NELSON, Appellant, v. LOUISE M. NELSON, as Executrix of the Last Will and Testament of ARTHUR P. NELSON, Deceased, Respondent.

[1] STATUTE OF LIMITATIONS—ACKNOWLEDGMENT OF DEBT—SECTION 360, CODE OF CIVIL PROCEDURE.—An acknowledgment of a debt, sufficient to take it out of the statute of limitations, under sec-

---

1. What acknowledgment sufficient to remove bar of limitation, notes, 23 Am. Dec. 588; 38 Am. St. Rep. 737; 102 Am. St. Rep. 752. See, also, 16 Cal. Jur. 585; 17 R. C. L. 889 et seq.

tion 360 of the Code of Civil Procedure, must be a direct, distinct, unqualified, and unconditional admission of the debt for which the party is liable and willing to pay; and a reference in a letter from a decedent to certain "assistance" rendered by the plaintiff and his brother to the decedent, and an expression of an intention on the part of the decedent sooner or later that plaintiff be repaid, but there being no admission or statement as to the nature of the assistance rendered and whether or not it resulted in any obligation of a financial nature due from the decedent, is insufficient to remove the statute of limitations against a claim.

(1) 24 C. J., p. 867, n. 8; 37 C. J., p. 1108, n. 59, p. 1109, n. 62, p. 1110, n. 71, p. 1236, n. 76, p. 1249, n. 66, 70.

APPEAL from a judgment of the Superior Court of San Bernardino County. Benjamin F. Warmer, Judge. Affirmed.

The facts are stated in the opinion of the court.

A. S. Maloney, and John L. Campbell for Appellant.

McNabb & McCloskey for Respondent.

THE COURT.—Action against an estate to recover for services claimed to have been rendered by plaintiff at the special instance and request of the deceased. There were two demands set up in the fourth amended complaint under which the proceedings involved herein were had. One was for services rendered between the years 1866 and 1876 and the other for services rendered prior to the year 1894. For the purpose of avoiding the statute of limitations, plaintiff set forth in his said pleading a letter dated February 20, 1920, alleged to have been written from San Diego, California, by deceased to plaintiff, who was his brother, which letter contained the following statement: "Now, Andrew, we have been wondering if there was anything that we had or had not done, or if there was anything that had been written that was displeasing to you. We sincerely hope not. Surely there was nothing of the kind ever intended, for you and our brother Lafagat, long since passed on, are the only persons that were of any real assistance to us in my struggle which came on at and after the death of our father, and

sooner or later I fully intend that you shall be amply repaid." [1] The defendant demurred to this fourth amended complaint on a number of grounds, among which was that the causes of action set forth therein were barred by the statute of limitations. The demurrer was sustained without leave to amend and judgment was accordingly entered in favor of defendant. The writing was insufficient to avoid the statute. Section 360 of the Code of Civil Procedure provides: "No acknowledgment or promise is sufficient evidence of a new or continuing contract, by which to take the case out of the operation of this title, unless the same is contained in some writing, signed by the party to be charged thereby. The acknowledgment of a debt in contemplation of this statute must be a direct, distinct, unqualified, and unconditional admission of the debt for which the party is liable and willing to pay (*McCormick* v. *Brown*, 36 Cal. 180 [95 Am. Dec. 170]; *Powell* v. *Petch*, 166 Cal. 329, 331 [136 Pac. 55]; *Clunin* v. *First Federal Trust Co.*, 189 Cal. 248, 252 [207 Pac. 1009]).

In the letter written by deceased to his brother there is no direct unqualified admission of any debt. He refers to certain "assistance" rendered by the plaintiff and his brother, and expresses an intention on his part sooner or later that plaintiff be repaid. There is no admission or statement as to the nature of the assistance rendered and whether or not it resulted in any obligation of a financial nature due from the deceased. It is just as reasonable to suppose that this assistance consisted of certain acts of kindness or helpfulness which the brothers had rendered to the deceased during his struggle after their father's death and which the latter at some time intended to repay. Appellant contends that where the acknowledgment is uncertain as to the particular indebtedness to which it refers parol evidence is admissible to explain this uncertainty and to identify the indebtedness intended to be acknowledged. We may concede this to be true, but when the acknowledgment contains no mention of any indebtedness whatever, we know of no authority, and appellant has called our attention to none, which will permit the introduction of parol evidence to alter the terms of the acknowledgment or vary its meaning and thereby import into it something not otherwise contained therein. The amount of the indebtedness claimed by plain-

tiff was eight thousand dollars, besides interest, a large portion of which it is claimed was for services rendered over fifty years prior to the date of the decedent's death. It hardly scems reasonable or probable that an indebtedness in this amount and of this character should have existed for so long a period of time between these brothers without some more authentic evidence of its authenticity other than the letter of February 20, 1920. It is also inconceivable that the plaintiff during the lifetime of his brother should have refrained from making any attempt to collect the money due him, but that immediately upon his brother's demise he takes steps to reduce to judgment his claim of over fifty years' standing. The enforcement of stale claims against estates of deceased persons is not looked upon with any great degree of favor by the courts, and in order for the plaintiff in such a proceeding to succeed, his case should be most clear and convincing. No such a case has been made out by the plaintiff's pleadings, and in our opinion the demurrer thereto was properly sustained.

Judgment affirmed.