## TITLE INSURANCE & TRUST CO. et al. v. WELCH, Collector of Internal Revenue.

District Court, S. D. California, S. D. February 21, 1929.

### No. 3150.

McCORMICK, District Judge. This cause has been submitted for decision on the merits after full hearing, and under a stipulation entered into between counsel in open court. The court accordingly finds the fair

market value as of date May 1, 1923, for federal estate tax purposes of the nine parcels of property, consisting of real property, buildings, etc., set forth in subdivisions (a) to (i), inclusive, of paragraph VIII of plaintiff's complaint, as follows, to wit:

(a) Tract of land at 6th and Loma Drive, Los Angeles, California,
    Market value..........$250,000.00

(b) Property at southeast corner 7th and Vermont Ave., Los Angeles, California,
    Land ................$105,000.00
    Buildings, etc.......... 37,500.00

    Market value of total...$142,500.00

(c) Van Nuys Hotel Property, 4th and Main streets, Los Angeles, California,
    Market value ½ interest ..................$125,878.00

(d) Market value agreed upon during trial.

(e) Real property at 916 South Figueroa Street, Los Angeles, California,
    Market value.........$150,000.00

(f) Real property, Pico and Broadway, Los Angeles, California,
    Market value..........$165,600.00

(g) Property at corner 10th and Hope Streets, Los Angeles, California,
    Market value..........$243,500.00

(h) Property at 807 South Figueroa Street,
    Market value..........$112,800.00

(i) Property corner Polk and California Streets, San Francisco, California,
    Market value.........$175,000.00

As to the promissory note, the value of which is in controversy herein, under the evidence taken in this case and applicable provisions of the Revenue Act of 1921 (42 Stat. 227), it is my opinion that said note is not taxable against the estate of Susanna H. Van Nuys, deceased, and should be held to have no taxable market value for federal estate tax purposes. It is proper to state that I have not reached this conclusion upon any theory of the application of the doctrine of res judicata by reason of the judgment of the state court wherein the note and mortgage were decreed to be legally unenforceable obligations and pecuniarily worthless. I do not believe that the doctrine of res judicata can be applied in this case as against the United States or its collector of internal revenue. The parties to the two causes are different. The United States does not stand in privity with any party in the state court action. However, we should consider the record evidence of the state court action on the question as to the market value and money worth of the note at the time of Mrs. Van Nuys' death, to wit, May 1, 1923.

Considering all the evidence, I am persuaded by it to give the taxpayer the benefit of the doubt that exists in my mind as to the taxable value of the note. I do not believe that the interest payment checks in evidence constitute ex proprio vigore such direct and unqualified admissions of indebtedness by the maker of the note, and show a clear acknowledgment of its willingness to pay the note indebtedness so as to remove the bar of the statute of limitations that had already run against the note and the debt that it evidences. See Clunin v. First Federal Trust Co., 189 Cal. 248, 207 P. 1009. This uncertainty, coupled with the direct evidence in the record as to the worthlessness of the note, leads me to conclude that it should not be taxed in the estate of Mrs. Van Nuys.

I find no reason to disagree with the Commissioner's findings as to deductions to plaintiffs on account of attorneys' fees and expenses of administration and therefore no additional allowances or deductions should be made thereon. Under the Revenue Act, the Commissioner's determination of such matters is presumably correct, and there is nothing in this case to justify the court in overthrowing the presumption of correctness.

The attorneys for the plaintiff herein will prepare findings and judgment in accordance with the foregoing memorandum and pursuant to the stipulation entered in the record herein, and will serve and present the same under the rules of this court.