[S. F. No. 13462.   In Bank.—July 16, 1931.]

V. T. McGILLYCUDDY, Respondent, v. LOS VERJELS LAND AND WATER COMPANY (a Corporation), Appellant.

Evan J. Hughes for Appellant.

Orville C. Pratt, Jr., and George F. Jones for Respondent.

LANGDON, J.—This is an action to recover compensation for services performed by plaintiff. The essential facts are few and not disputed. On June 16, 1913, by resolution of the board of directors of defendant corporation, plaintiff, the president of said corporation, was appointed general manager, his compensation to be treasury stock of the par value of $200 per month. He rendered the services called for in the contract but the Railroad Commission denied the application of the corporation to issue the said stock, and none was ever received by him. On August 25, 1920, a resolution was passed at a directors' meeting, terminating the original provision for compensation, and placing plaintiff on a salary of $25 per month. On December 11, 1924, another resolution was passed, reaffirming the resolution of August 25, 1920, and acknowledging liability to plaintiff under the resolution of June 16, 1913. Plaintiff continued to perform until April 25, 1925. No compensation was ever received by him. This action was commenced on December 11, 1926. The trial court found that the reasonable value of plaintiff's services over the various periods covered by the agreements was $7,800 and accordingly gave judgment for him in that sum. Defendant appeals, contending that the contract to pay compensation in stock was unenforceable because illegal, and that any claim for the reasonable value of the services rendered was barred by the statute of limitations.

The first proposition may be briefly disposed of. It is true, of course, that defendant corporation, being a public utility, could not issue stock without the permission of the Railroad Commission (Public Utilities Act, sec. 52; Deering's General Laws, 1923, Act 6386, p. 2724), and a contract for the issuance of such stock without a permit would be unenforceable. But the contract involved herein has no such object, as we view it. It is an agreement for the performance of certain services, the consideration being specified as stock of a certain value. The record shows that

when the contract was made both plaintiff and the directors believed that the stock could be issued. The agreement, therefore, is quite distinct from a *contract to purchase stock* to be issued without a permit, where the object of the contract—purchase of the stock—is in violation of the law. Here the object—performance of personal services—was legal, and the payment of the specified compensation was rendered impossible by the decision of the Railroad Commission that the stock might not be issued. In such a case, it certainly does not follow that defendant corporation, having received the benefit of full performance by plaintiff, may entirely escape liability. It cannot, of course, be required to issue the stock. But where services are performed for a consideration which turns out to be impossible of performance or unenforceable, an implied contract arises to pay the reasonable value of the services. (See 3 Williston on Contracts, 3351, sec. 1972.)

The other contention of defendant is that the claim of plaintiff is either wholly or partly barred by the statute of limitations, and that no acknowledgment of the obligation has been made, sufficient to toll the statute or revive the debt. A brief review of the facts shows that this is wholly untenable. The contract was made on June 16, 1913, by resolution of the board of directors. This contract was apparently terminated on August 25, 1920. The right of action based upon it was subsequently barred by the statute of limitations. However, on December 11, 1924, the following resolution was passed: "It is understood and agreed by the directors that the stock salary of two hundred dollars per month, par value authorized to be paid Manager McGillycuddy at the Directors Meeting of June 13th, 1913, was proper and continued up to September 1st, 1920, and is hereby acknowledged as a debt due Manager McGillycuddy, payable in stock of the Los Verjels Land and Water Company at par value." Another resolution passed at the same meeting reaffirmed the resolution of August 25, 1920, in which it was specified that plaintiff receive $25 per month for his services after that time. The effect of these resolutions was to revive the barred obligation. They fully meet the test laid down in *Clunin* v. *First Federal Trust Co.*, 189 Cal. 248 [207 Pac. 1009]. Suit having been commenced within two years after they were adopted, it is un-

necessary to consider whether the four-year statute applying to written contracts, or the two-year statute applying to obligations not evidenced by a writing, governs the present action.

Defendant finds fault with the first resolution of December 11, 1924, claiming that it was merely a conditional promise to pay in stock, and not in money. Properly construed, however, the resolution is an acknowledgment of a debt, and, more specifically, an acknowledgment of the obligations incurred under the contract of June 13, 1913. The effect of the acknowledgment cannot be defeated on the theory that it only admits the obligation to pay in stock, any more than the obligation under the original contract can be wholly defeated because of the stock provision. We think that this acknowledgment revived the obligation of the original contract, whatever it was; and, as we have seen, it was the obligation to pay the reasonable value of the services rendered, when the stock provision became impossible to perform.

It is also contended by defendant that there are variances between the allegations of the complaint, the findings and the proof. We have examined the record and are satisfied that the proof sufficiently supports the findings.

The judgment is affirmed.

Preston, J., Shenk, J., Seawell, J., Richards, J., Curtis, J., and Waste, C. J., concurred.