[Civ. No. 10179. First Appellate District, Division One.—April 22, 1937.]

ELIZABETH HEISER, Respondent, v. J. K. McALPINE, Appellant.

H. E. Schmidt and Fitzgerald & Johnson for Appellant.

D. T. Jenkins and Maurice J. Rankin for Respondent.

KNIGHT, J.—Plaintiff sued on a promissory note given by defendants J. K. and Adelaide McAlpine to Sophie H. Alexander, and upon the latter's death distributed by the probate court to plaintiff. Defendants pleaded the bar of the statute of limitations. (Code Civ. Proc., sec. 337, subd. 1.) The cause was tried on a written stipulation of facts, and the trial court held that the action was barred as to Adelaide McAlpine, but not as to J. K. McAlpine. Accordingly judgment was entered against the latter for the amount of the principal of the note, plus interest and attorney's fees; and from said judgment he has appealed.

The note was dated March 1, 1927, and made payable one year after date. The action was not filed until November 3, 1934, which as will be noted was more than five years and nine months after the date of the maturity of the note; but it was alleged in the complaint "That on the 25th day of February, 1932, the Defendant J. K. McAlpine, in a writing signed by him, acknowledged said indebtedness." The instrument introduced in evidence in support of the foregoing allegation and upon which respondent relies to take the case out of the operation of the statute, was signed by appellant alone and was as follows: "Whereas, J. K. McAlpine and Adelaide G. McAlpine, husband and wife, made, executed and delivered to S. H. Alexander their promissory note in the principal sum of $3,000.00; and, Whereas, the statute of limitations is about to run against said promissory note; and, Whereas, said J. K. McAlpine, one of the makers of said note, has entered into an agreement with Malcolm Brock, L. S. Robinson, C. W. Robinson, Louis Banducci and Amerigo Pierucci, which agreement provides for the incorporation and the formation of a corporation under the laws of the State of California to be called the Bakersfield Memorial Park, Inc. (a limited corporation) ; . . . and, Whereas, upon the completion of the terms and conditions of said agreement, said J. K. McAlpine shall become entitled to 15,000 shares of Class B stock at the par value of $10.00 per share; Now, therefore, for and in consideration of the immediate cancellation and return of said note to the makers thereof, the undersigned hereby agrees that upon receipt of Class B stock above described, he will assign and transfer to S. H. Alexander 500 shares thereof. In witness whereof, the undersigned has hereunto set his hand this 25th day of February, 1932. Acknowledged—J. K. McAlpine." Said document was delivered to the payee on the date of its execution, but she made no reply thereto, nor did appellant afterwards tender the stock.

Section 360 of the Code of Civil Procedure provides that no acknowledgment or promise is sufficient evidence of a new or continuing contract, by which to take the case out of the operation of this title, unless the same is contained in some writing, signed by the party to be charged thereby. Said section is a re-enactment of section thirty-one of the former Statute of Limitations, and in the early case of *McCormick* v. *Brown*, 36 Cal. 180 [95 Am. Dec. 170], it was held:

"The acknowledgment referred to in the statute is not such as may be deduced by inference from a promise or an offer to pay a part of the debt, or to pay the whole debt in a particular manner, or at a specified time, or upon specified conditions. The acknowledgment, say the cases, must be a direct, distinct, unqualified, and unconditional admission of the debt which the party is liable and willing to pay." That case has been cited and quoted with approval in a number of later cases, among them being *Nelson* v. *Nelson,* 202 Cal. 598 [261 Pac. 999] ; *Clunin* v. *First Federal Trust Co.,* 189 Cal. 248 [207 Pac. 1009] ; *Rodgers* v. *Byers,* 127 Cal. 528 [60 Pac. 42] ; *Foristiere* v. *Alonge,* 98 Cal. App. 563 [277 Pac. 367] ; and in *Rodgers* v. *Byers, supra,* the court declared the law upon the subject of conditional acknowledgments to be as follows: "It seems to be well settled in this state: ▆ 1. That when the statute of limitations has barred the remedy upon the original obligation, and an acknowledgment or a promise made after such time is relied upon, the action is not upon the original obligation, but is upon the new acknowledgment, and the implied promise raised by the law, or is upon the new express promise. (*McCormick* v. *Brown,* 36 Cal. 180 [95 Am. Dec. 170] ; *Chabot* v. *Tucker,* 39 Cal. 434; *Biddel* v. *Brizzolara,* 56 Cal. 374; *Lambert* v. *Schmalz,* 118 Cal. 33 [50 Pac. 13].) ▆ 2. If the acknowledgment or the promise be made while the original obligation is legally enforceable, and, if no conditions be attached to the promise, then, though brought after the statute of limitations otherwise would have barred the remedy against the original obligation, the action is still upon the original obligation, which becomes 'a continuing contract' under section 360 of the Code of Civil Procedure, because the bar of the statute has been lifted and removed. (*McCormick* v. *Brown, supra; Chaffee* v. *Browne,* 109 Cal. 211 [41 Pac. 1028] ; *Southern Pac. Co.* v. *Prosser,* 122 Cal. 413 [52 Pac. 836, 55 Pac. 145]. ▆ 3. But, upon the other hand, in the case of a new promise, made while the original obligation is legally enforceable, if that promise be not a general promise to pay the obligation according to its tenor and terms, but is a promise coupled with any condition, and an action is brought after the statute of limitations would have barred the remedy upon the original obligation, the action of plaintiff is then upon the substituted, conditional promise, and not upon the original obligation . . . " (Citing *Curtis* v.

*City of Sacramento,* 70 Cal. 412 [11 Pac. 748]. To the same effect see 37 Cor. Jur., pp. 1104, 1118.

Here, as will be observed, the instrument in question contained no promise, general or otherwise, to pay the note according to its tenor or terms, but on the contrary the specific promise set forth therein was conditional—that in consideration of the immediate cancellation and surrender of the note, appellant would liquidate the same in a particular manner, namely, by the assignment and transfer of corporate stock thereafter to be issued. The instrument was executed while the original obligation was legally enforceable, and the action was brought after the statute of limitations would have barred the remedy upon the original obligation. Therefore, under the doctrine declared in *Rodgers* v. *Byers, supra,* and *Curtis* v. *City of Sacramento, supra,* respondent may not recover on the original obligation.

It is doubtless the law, as respondent contends, that where a debtor in writing treats a debt as subsisting and one which he is liable and willing to pay, the law will imply therefrom a promise to pay it according to its tenor and terms. (*Foster* v. *Bowles,* 138 Cal. 346 [71 Pac. 494, 649]; *Searles* v. *Gonzalez,* 191 Cal. 426 [216 Pac. 1003, 28 A. L. R. 78]; *Concannon* v. *Smith,* 134 Cal. 14 [66 Pac. 40].) But, as pointed out in *Curtis* v. *City of Sacramento, supra,* if the acknowledgment be accompanied (as here) by such qualifying expressions or conditions as repel the idea of a contract to pay, except to the extent or upon the conditions named, no implied promise to pay absolutely is created. (Citing *Biddel* v. *Brizzolara,* 56 Cal. 374.) Says the court, in this respect: "The acknowledgment must be a direct, unqualified and unconditional admission of a debt which a party is liable and is willing to pay. The most positive acknowledgment of a preexisting debt is insufficient if accompanied by a declaration which is inconsistent with an intention to pay." (Citing *McCormick* v. *Brown, supra,* and *Chabot* v. *Tucker,* 39 Cal. 434.) In so holding the court adopted with approval the following language used by the trial court: "When there is a written acknowledgment of a debt, not coupled with any promise, the law will imply a general promise to pay; but when the acknowledgment is accompanied by a particular promise, the law will imply none other. In such case, the acknowledgment is not direct and general, but qualified and conditional; and if it contains

any cause of action, that cause must be based upon the contract which the instrument expressly states.'' In other words, the writing relied upon as a valid acknowledgment must be taken and considered as a whole. The law will not permit the creditor to accept the acknowledgment and reject the condition or qualification attached thereto. (37 Cor. Jur., p. 1119.) This is so because it is not the acknowledgment itself, but the promise which the law implies from the acknowledgment, that is controlling. (Wood on Limitations, 4th ed., vol. 1, pp. 409–411.)

Nor does it matter, in determining the validity of the acknowledgment, whether it was made before or after the statute has run against the original obligation. The distinction affects only the remedy; and in either case, in order to recover according to the terms and tenor of the original obligation, the acknowledgment must be unconditional. (*Foristiere* v. *Alonge, supra; Curtis* v. *City of Sacramento, supra; Rodgers* v. *Byers, supra.*)

The two cases cited and relied upon by respondent are materially different in their facts from the present case. In *First Nat. Bank of Park Rapids* v. *Pray,* 86 Cal. App. 484 [260 Pac. 933], the acknowledgment was made up of a series of correspondence between the parties, running over a number of years, wherein the debtor at all times treated the obligation as subsisting, and one which he was liable and willing to pay. It was held, therefore, that the law implied a promise to pay according to the tenor and terms of the obligation. The case of *Southern Pac. Co.* v. *Prosser,* 122 Cal. 413 [52 Pac. 836, 55 Pac. 145], is closer to the point at issue. But there the letter relied upon as constituting the acknowledgment amounted, as the court there pointed out, to an unqualified admission of an existing debt coupled with an expressed desire to pay the same; and it was held, therefore, that since the request made therein by the debtor that he be allowed to pay the obligation in work was not proposed as a condition, such request did not impair the effect of the unqualified acknowledgment of the debt which the debtor had expressed a willingness to pay.

The judgment as to appellant is reversed with directions to the trial court to revise its conclusions of law and to reenter judgment in favor of appellant in accordance with the views herein expressed.

Tyler, P. J., and Cashin, J., concurred.