[Civ. No. 3138. Fourth Dist. Apr. 27, 1944.]

TAGUS RANCH COMPANY (a Corporation), Appellant, v. J. W. HUGHES, Respondent.

Russell & Heid for Appellant.

Wm. B. Mitchell for Respondent.

BARNARD, P. J.—This is an appeal from a judgment of dismissal based upon the sustaining of a demurrer without leave to amend.

The complaint alleged the execution of a written instrument dated November 3, 1938, addressed to the plaintiff and signed by the defendant and acknowledged by him before a notary public. The material part of this instrument reads as follows:

"I, John W. Hughes, being of lawful age, not acting under duress, and being of sound mind, of my own free will, hereby confess and acknowledge that I have stolen and embezzled from you the sum of Nineteen Hundred Sixty Three & 80/100 ($1963.80)."

A second cause of action is based upon a similar instrument containing the same language except for the amount named, which instrument was addressed to R. C. Merritt and which had been assigned to the plaintiff.

This action was commenced more than two years but less than four years after the date of these instruments and the sole question presented on this appeal is whether the action is one upon a contract, obligation or liability founded upon an instrument in writing within the meaning of subdivision 1 of section 337 of the Code of Civil Procedure.

In *O'Brien* v. *King,* 174 Cal. 769 [164 P. 631], the court said: "A cause of action is 'founded upon an instrument of writing' when the contract, obligation, or liability grows 'out of written instruments not remotely or ultimately, but immediately.' " And again: "We adhere to the declaration that promises 'merely implied by law' from a situation evidenced by a writing, i. e., *quasi* contracts, are not within the statutory provision under discussion. The promise must be one arising di-

rectly from the writing itself, and included in its terms. But in determining whether the obligation is 'supported by an express promise or stipulation in the written instrument,' we must regard, as included in the terms of the writing, all obligations and promises which its words necessarily import.''

In that case, after referring to certain prior cases, the court further said:

''The theory of these cases was that the paper, in each instance, acknowledged the existence of facts necessarily and directly importing the obligation which was made the basis of suit, and this was held to be sufficient. (See, also, *San-nickson* v. *Brown*, 5 Cal. 57; *Ashley* v. *Vischer*, 24 Cal. 322 [85 Am.Dec. 65].)

''None of the cases decided in this state, and cited above, will be found to conflict with this view. They all had to do with writings which did not, in and of themselves, express the obligation sued upon, or a state of facts from which such obligation necessarily and directly flowed. In each instance, the obligation could be established only by evidence of facts and occurrences outside of those appearing on the face of the instrument.''

In *Clunin* v. *First Federal Trust Co.*, 189 Cal. 248 [207 P. 1009], the court said:

''The law is well established in this state by numerous decisions that the acknowledgment or promise referred to in section 360 must be in writing, and that the writing, whether in the form of a promise or not, must contain some reference to an existing debt owing to the creditor, which the debtor is willing to pay. It must, of itself, acknowledge the debt.''

█ It is well established that in order to come within this four-year statute the writing in question need not contain an express promise to pay. It is sufficient, under the decisions of this state, if the writing acknowledges the debt and sets forth a state of facts from which the obligation or liability to pay necessarily and directly flows. █ The writings here in question were very formally executed and they freely acknowledged a state of facts from which an obligation to return the money taken necessarily and directly arises. If these instruments had said ''I have borrowed from you'' the amount stated, there could be no question that the promise to repay, which the law would imply, would be one which was included within their terms, and one which their

words would necessarily import. We are unable to see any difference, in principle, when the language used is ''I have stolen and embezzled from you'' the amount named. This is a free admission that the amount referred to has been taken by the party signing the instrument and that it belongs to the party to whom the writing is addressed, and the language used imports an obligation to return it to its lawful owner. The present tense is used, which precludes any idea that the money in question might have been theretofore returned. The language used not only acknowledges the debt and sets forth a state of facts from which an obligation to return the money necessarily and directly flows, but it expressly states that the acknowledgment is freely and willingly made. The writings were not limited to a possible use in criminal proceedings but it would appear from the general terms used that they were intended for all purposes. The obligation to repay could be established by the use of these writings and there would be no need for evidence of facts and occurrences outside of those appearing on the face of the instruments. Under these circumstances we think the writings in question are sufficient to bring the action within the provisions of the four-year statute above mentioned.

The respondent relies on *Todd* v. *Board of Education,* 122 Cal. 106 [54 P. 527]; *Butt* v. *Burkett,* 18 Cal.App.2d 612 [64 P.2d 437]; *Heiser* v. *McAlpine,* 20 Cal.App.2d 467 [67 P.2d 141]; and *Nelson* v. *Nelson,* 202 Cal. 598 [261 P. 999]. The facts in those cases were materially different from those here appearing and we find nothing therein which is in conflict with the views above expressed. There being a present acknowledgment that the amounts named have been stolen and embezzled, the obligation and duty to pay the money which is implied by law must be considered as a part of the written instruments and as an obligation or liability which the language used necessarily imports.

For the reasons given the judgment is reversed.

Marks, J., and Griffin, J., concurred.

A petition for a rehearing was denied May 23, 1944, and respondent's petition for a hearing by the Supreme Court was denied June 22, 1944.