## C. J. BARBER *v.* EUGENE CAZALIS *et als.*

JUDGMENT ON DEMURRER.—Where the complaint contains two counts, and there is a demurrer to one count only, and the demurrer is sustained, the plaintiff is entitled to judgment on the other count if no answer has been filed.

PARTIES DEFENDANT.—In an action for damages for a breach of contract, where no other person has acquired an interest in the matter in dispute, only parties to the contract sued on should be made parties to the action.

COMPLAINT ON BREACH OF CONTRACT.—In an action to recover damages for breach of a contract, it is sufficient, so far as a demurrer is concerned, to aver in the complaint, the contract, the breach complained of, and general damages.

WHEN A CONTRACT NOT A PARTNERSHIP.—An agreement on the one side to perform certain services, and on the other to convey an interest in the property in relation to which the services were performed, in consideration of such services, does not constitute a partnership.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

The first count of the complaint averred that on the 25th day of April, 1863, the defendants, Eugene Cazalis, B. E. Augur, and Louis Franconi, entered into a contract, in writing, with D. W. Williams, Augustus Bass, A. S. Calisbury, and Thomas Bass, which contract was acknowledged and recorded, by which the defendants were to excavate two tunnels each according to the terms of the contract, and were to receive as a consideration therefor all the ores found in the tunnels and an undivided half of the quartz ledges mentioned in the contract, the title to vest when the tunnels were completed according to the contract.

This contract was made a part of the complaint.

The complaint further averred that afterwards, and on the same day, the defendants made a contract with the plaintiff, in writing, duly acknowledged and recorded, by which the plaintiff was to superintend the work of excavating the tunnels mentioned in the first contract, and in consideration thereof the defendants were to furnish the means to pay the expense of the work and to convey to the plaintiff one third of the undivided half of the ledges referred to, and one third of all minerals and ores excavated from the tunnels. That in consideration thereof plaintiff superintended the work from that time until May 25th, 1865, and in all respects complied with his contract, but that the defendants failed to comply with their contract, and failed to furnish the means or pay the expenses of completing the tunnels, by reason of which work on the tunnels had totally ceased, and defendants had refused to complete the tunnels, by reason of which they had forfeited their right to acquire a title to an undivided half of the same and to the ores excavated therefrom, and had become unable and refused to perform their agreement with plaintiff or to make him any recompense for his services, to plaintiff's damage ten thousand dollars.

This count also averred that after the making of the contract with plaintiff, the defendants formed a corporation called the Eclipse Tunnel Company, and by deed conveyed all the interest either of them might acquire under the contract to

the corporation, by which defendants put it out of their power to comply with their contract with plaintiff, to plaintiff's damage ten thousand dollars. There was a further allegation that by reason of the premises defendants had become liable to pay plaintiff as much as his services were reasonably worth, and that the services continued twenty-five months, and were worth four hundred dollars per month. Plaintiff appealed from the order sustaining the demurrer.

The other facts are stated in the opinion of the Court.

*Campbell, Fox & Campbell*, for Appellant.

The Court erred in this case in sustaining the demurrer to the complaint. There is no defect of parties, either plaintiff or defendant. Only those for or against whom some relief is sought, or those having such an interest in the subject matter of the litigation that their rights would be prejudiced or affected by a decision, are either necessary or proper parties to any action. We base plaintiff's damages upon the value of his services rendered. The defendants claim that these damages should be based upon the value of the ledges and the product of the tunnels. Suppose we are wrong, and they are right, it only goes to the question of damages, and not to the cause of action—to the amount which we shall recover, and not to the right to recover. (*Baldwin* v. *Burnett*, 4 Cal. 893; *Coffee* v. *Meiggs*, 9 Cal. 364; and *Cunningham* v. *Dorsey*, 6 Cal. 19.)

*Edward J. Pringle*, for Respondents.

It is difficult to determine from the complaint whether the action is for damages for breach of covenant or for rescinding the contract and to proceed on a *quantum meruit* for services performed.

In either aspect of the case, the complaint is defective. If the action be for breach of covenant, as it should be, the complaint shows no damage. If it be on the *quantum meruit* on rescission of the contract, as it apparently is, it shows no right to rescind. It is impossible to rescind the contract,

because the parties cannot be put in *statu quo.* There has been at least a part performance by the defendants. (Sedgwick on Measure of Damages, pp. 203, 280.)

By the Court, SAWYER, J.:

The complaint contains two causes of action—the first for an alleged breach of contract between the plaintiff and defendants by which the plaintiff was to give his services in superintending the construction of certain tunnels for mining purposes in Nevada, for which he was to receive a certain interest in the tunnels and in the mines to be developed; and the second, for moneys advanced and expended by plaintiff in constructing said tunnels for and on account of said defendants, and at their request. The defendants demurred to the whole complaint on the ground of defect of parties in not joining either as plaintiffs or defendants certain other persons, who had entered into another contract relating to the same subject matter, which latter contract was referred to in the sub-contract between plaintiff and defendants. Also, to the first cause of action stated in the complaint on the ground that the facts stated are insufficient to constitute a cause of action. There was no demurrer to the second cause of action stated in the complaint. The demurrer to "plaintiff's complaint" was sustained and leave to amend given. Afterward "the demurrer of defendants to the plaintiff's complaint having been sustained, and the time allowed the plaintiff to amend having expired, and no amended complaint having been filed," judgment was entered for the defendants. The Court does not seem to have passed upon the demurrer to the first cause of action set out. It was the demurrer to the entire complaint that was sustained. Such is the natural import of the order and judgment, and it must be so, because the judgment after failure to amend is for the defendants; whereas if the demurrer to the complaint as a whole was not sustained, there was one good count not demurred to, upon which, no answer having been filed, there must have been a judgment for plaintiff.

The only ground of demurrer to the entire complaint is as to defect of parties; and on this point the judgment is clearly erroneous. The plaintiff sued upon an alleged breach of his contract with defendants, to which the other parties named in the complaint are in no way parties. It may be that they also have a cause of action against defendants for breach of their contract with them, but that is no concern of the plaintiff's. The contract between defendants and Williams, Bass and others, is set out in the complaint, because it is referred to in the contract between plaintiff and defendants for the purpose of designating what plaintiff was to do, and what he was to receive for his services. The parties to the sub-contract, instead of using their own language to describe the work to be performed by plaintiff, and the property to be conveyed to him for his services, referred to the principal contract for that purpose, and to that extent incorporated it in their own. But the contract sued on is the contract of the parties to the suit alone. There is no question of mechanics' or other liens in it, and none of the other parties have any legal or equitable interest whatever in the matter in controversy. They are neither necessary nor proper parties to the suit brought. So of the Eclipse Tunnel Company. It has no interest whatever in the matter in dispute. The plaintiff alleges that defendants conveyed the property, which by their contract they were to convey to him, to said Eclipse Tunnel Company, for the purpose of showing that defendants had put it out of their power to perform their contract with him. But this state of facts does not place that company in such a position as to render it proper or necessary to make it a party to a suit growing out of a breach of the contract between plaintiff and defendants. There was no defect of parties, and the demurrer to the complaint was improperly sustained.

*Averment of damages in a complaint for breach of contract.*

The sufficiency of the first cause of action has also been argued. The contract, the breach and the refusal to make any recompense for plaintiff's services, to plaintiff's damage,

ten thousand dollars is alleged. The damages thus alleged are general damages, but it seems to us to be sufficient so far as the question arising on demurrer is concerned. The measure of damages is another question, which does not arise in this stage of the proceedings. The plaintiff, it is true, alleges in addition that he rendered his services for a specified time ; that by reason of the premises defendants had become liable to pay to the plaintiff what said services were reasonably worth ; that they were worth a specified sum ; and that although often requested so to do, the defendants had neglected and refused to pay, etc. Conceding the plaintiff to have mistaken his measure of damages, and that these latter allegations are surplusage, still, a contract, a breach and general damages are alleged, and this is sufficient on demurrer. It is not now clear to our minds, however, that plaintiff is not entitled to rescind. He had received nothing from defendants to be returned. He had derived no benefit whatever from what had been done by plaintiff. He got nothing. There was nothing for him to return. The defendants advanced some money, it is true, for the construction of the tunnel, but it went into their own tunnel so far as the contract between them and plaintiff was concerned. It was put just where they wanted it placed. They still had their property, not in the form of money to be sure, but in the form of a tunnel for developing a mine. They had all that they had themselves put in and the benefit of the plaintiff's services besides, while the plaintiff lost his services, and got nothing from the defendants to restore. If defendants failed to get the tunnel, it was in consequence of the breach of their contract with other parties. Why were the defendants not in *statuo quo* within the meaning of that phrase as used in this connection ? But it is unnecessary to determine this question now.

There was no partnership between plaintiff and defendants created by the contract in question. There was no community of profit and loss. It was simply an agreement on one side to perform certain services, and on the other side to convey,

13

in consideration of said services, a certain interest in a specific piece of property.

Judgment and order sustaining the demurrer reversed, and cause remanded for further proceedings.

SANDERSON, J., SHAFTER, J., and RHODES, J., concurring specially.

We concur in the judgment, but do not desire to intimate any opinion as to what is the measure of damages.