[S. F. No. 1394.   Department Two.—May 3, 1900.]

HENRY PIERCE et al., Respondents, v. SAMUEL MERRILL, Appellant, and GEORGE H. BONEBRAKE and F. C. HOWES, Codefendants.

STATUTE OF LIMITATIONS—WRITTEN ACKNOWLEDGMENT OR PROMISE—REFERENCE TO PERSONAL DEBT.—An acknowledgment or promise to take a personal contract to pay money out of the statute of limitations, under section 360 of the Code of Civil Procedure, must be in writing, and must be a direct, distinct, unqualified and unconditional admission by the person making the contract of the debt which he is liable and willing to pay.

ID.—GUARANTY OF DEBT OF CORPORATION—ACKNOWLEDGMENT REFERRING TO CORPORATE DEBT.—An absolute and unconditional guaranty by stockholders of a debt of a corporation, which guaranty appears on its face to be barred by the provisions of section 337 of the Code of Civil Procedure, is not saved from such bar, as to a stockholder participating therein, because of written admissions, made by such stockholder as an agent of the corporation, of the existing indebtedness of the corporation, if the admission does not refer in any manner to the contract of guaranty.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a new trial.   James M. Troutt, Judge.

The facts are stated in the opinion of the court.

The guaranty is set out in *Pierce v. Merrill, ante,* p. 464.

Aylett R. Cotton, for Appellant.

E. S. Pillsbury, and Alfred Sutro, for Respondents.

THE COURT.—This is an appeal of defendant Merrill from an order denying his motion for a new trial.

Defendants Bonebrake and Howes appealed from the judgment as well as from an order denying a new trial, which appeal was determined in S. F. No. 1351, *ante*, p. 464. In the opinion therein a copy of the guaranty hereinafter referred to is set out.

The action was commenced, as the complaint shows, on the thirty-first day of January, 1896, to recover on a written guaranty of the payment of a loan of fifty thousand dollars and interest thereon, at the times and according to the terms of a note and mortgage given by the Semi-Tropic Land and Water Company. The note and mortgage referred to in the guaranty provided for the payment of the entire amount mentioned, with interest, on or before June 1, 1891. The defendant and appellant herein, Merrill, made a separate answer to the complaint, in which he pleaded the statute of limitations, section 337 of the Code of Civil Procedure. A trial was had without a jury, and the court, among other findings, made the following: "That the cause of action set up in the complaint of plaintiffs herein is not barred as to said defendants, or either of them, by the provisions of section 337 . . . . of the Code of Civil Procedure of this state."

The evidence in the case showed the facts to be substantially as alleged in the complaint and as above set forth.

The principal contention of appellant is that the finding quoted above has no evidence to support it, and that the evidence proves directly the contrary thereof. This contention can be incorrect only on the theory that there was some evidence to show that the case stated in the complaint was in some way taken out of the operation of the statute of limitations. We have already held in *Pierce v. Merrill, ante,* ·p. 464, that the guaranty was absolute and unconditional, and that the complaint shows on its face that the cause of action therein stated is barred by the statute of limitations, and it must follow that evidence simply showing the truth of the allegations of the complaint would not support the quoted finding. Respondent contends, however, that there was evidence, consisting of a letter and telegram written and signed by appellant before the statute had run, and within less than four years prior

to the commencement of this action, to take the case out of
the statute.  The letter referred to reads as follows:

"Los Angeles, Cal., September 19, 1893.
"Orestes Pierce, Esq.

"Dear Sir: I have delayed answering yr. letter relative to
the balance due you as taken from the Sather Banking Co.,
of some $1,700, because of a contract to deliver to the Citrus
Belt Irrigation Dist. 300 inches of water, and receive $150 M
bonds.  I thought we could use a portion of these bonds in
some way to wipe out all the company might owe you.  There
has been a delay in completing the title to the water, because
the water stock was held by the San Francisco Savings Union,
but they have agreed, upon a favorable report as to the legal
status of the bond, to release their holdings and take some $60
M bonds as collateral instead of the stock.  This favorable
report on bonds will be forwarded in two or three days, and
then, by the action of the directors of the companies, all will
be completed.  There seems to be no hitch from any source to
prevent the completion of the contract and receive the bonds.
As soon as this is accomplished, either myself or some repre-
sentative of the Semi-Tropic company will visit you and see
if we cannot make some satisfactory arrangement with you.

"Very truly yours,
"SAMUEL MERRILL."

The following is the telegram:

"San Bernardino, Cal., December 1st.
"Orestes Pierce, 728 Montgomery St., San Francisco.

"Make no assignment of our debt.  Insist on payment.  Must
have my stock.  Please send as soon as possible.

"S. MERRILL."

From the reading of the letter we can discover no reference
to the liability of the defendants in this case.  In the sentence,
"I thought we could use a portion of these bonds in some way
to wipe out all the company might owe you," the word "com-
pany" evidently alludes to the Semi-Tropic Company, a cor-
poration of which this appellant had been, and perhaps was
then, the president.  The liability of defendants on the guar-
anty was distinct and separate from the liability of the corpora-
tion on the note and mortgage; and a declaration or acknowl-'

edgment that might remove the bar of the statute from the latter would not, necessarily, have the same effect on the former obligation. We can discover nothing in the letter that signifies an acknowledgment of liability on the guaranty.

Under section 360 of the Code of Civil Procedure, the acknowledgment relied on to take the contract out of the statute of limitations "must be a direct, distinct, unqualified, and unconditional admission of the debt, which the party is liable and willing to pay." (*McCormick v. Brown*, 36 Cal. 180; 95 Am. Dec. 170; *Biddel v. Brizzolara*, 56 Cal. 374.)

The telegram is not addressed to any of the plaintiffs, and we are unable to discover from the record before us that it has any reference whatever to the claim here in controversy. Our attention has not been called to anything, nor are we able to find anything, that would operate to take the contract out of the statute of limitations as to this appellant, or that would extend the time within which suit might be brought against him, to the date of the commencement of this action.

There is nothing in the eighth finding to take the case out of the operation of the statute. The promise or acknowledgment relied on for that purpose must be in writing. (Code Civ. Proc., sec. 360; *Booth v. Hoskins*, 75 Cal. 271.) The eighth finding makes no reference to any writing, and says nothing about any admission of this appellant as to any liability on the guaranty.

It is not necessary to determine whether or not the findings called in question, other than the one quoted, are justified by the evidence, because, if we admit the truth of everything stated in such findings, it would not answer the vital question on this appeal, to wit: Is the cause of action as to this appellant barred by the statute of limitations?

For the reason that there is no evidence to justify the finding above quoted the order appealed from is reversed.