[Civ. No. 3273. Second Appellate District, Division One.—May 14, 1921.]

## LOUIS J. BANDUCCI, Appellant, v. JOSEPH SRESOVICH, as Administrator, Respondent.

[1] BUILDING CONTRACT—DAMAGES FOR BREACH — PLEADING — SUFFICIENCY OF CONTRACT.—A complaint in an action for breach of a building contract which alleges the making of the contract, the performance on the part of the plaintiff of all the conditions thereby imposed upon him, the breach of the contract by the defendant and the resulting damages, states a cause of action, notwithstanding the failure to specifically allege that plaintiff, as required by the contract, reported to the contractor during the progress of the work as to materials and labor which were not satisfactory.

APPEAL from a judgment of the Superior Court of Kern County. T. N. Harvey, Judge. Reversed.

The facts are stated in the opinion of the court.

E. A. Klein and E. F. Brittan for Appellant.

Wetherhorn, Hoyt & Jones for Respondent.

SHAW, J.—By this action plaintiff sought recovery of damages for defendant's alleged breach of a contract to construct a building in accordance with his agreement so to do.

A general demurrer interposed to the complaint was sustained and, plaintiff declining to amend, judgment was entered for defendant, from which plaintiff appeals.

It appears that defendant, pursuant to a contract, set out in the complaint, erected a building for plaintiff; that by the terms of this contract the building was to be constructed in accordance with plans and specifications referred to therein, and under the supervision of the architect named or superintendent agreed upon by the parties, and payment therefor made, subject to approval of the architect, as the work progressed. The contract contained a provision as follows: "Ninth: The payment of the progress-payments by the Owner shall not be construed as an absolute acceptance of the work done up to the time of such payments; but

the entire work is to be subject to inspection and approval of the Architect, Superintendent or Owner at the time when it shall be claimed by the Contractor that the contract and works are completed; but the Architect, Superintendent or Owner shall exercise all reasonable diligence in the discovery, and report to the Contractor, as the work progresses, materials and labor which are not satisfactory to the Architect, Superintendent or Owner, so as to avoid unnecessary trouble and cost to the contractor in making good defective parts."

While inartificially drawn, the substance of the complaint is that plaintiff on his part performed all of the terms and conditions of the contract, but that defendant, on his part, in completing the house, failed and neglected so to do; that on or about October 1, 1918, plaintiff, in writing directed to defendant, specified various defects, omissions, and substitutions in the construction of the building, and, in writing, requested that he comply with the contract; but, notwithstanding such notice and request, defendant has failed, neglected, and refused to comply with the provisions of his agreement, by reason of which fact the building as completed does not comply with the plans and specifications pursuant to which defendant agreed to construct it. In addition to the above, the complaint specifies the particulars wherein the building as completed fails to comply with the terms of the agreement, together with the damage alleged to have been sustained by reason of such noncompliance.

It was, as claimed by respondent, the duty of plaintiff, during the progress of construction, to "exercise all reasonable diligence in the discovery, and report to the contractor" as to materials and labor which were not satisfactory. Since, however, it is alleged in the complaint that plaintiff performed all the covenants contained in the contract on his part, we must, upon the demurrer, assume that he did comply with this provision. However, the question of whether plaintiff complied with this provision is unimportant, since by the terms of the contract the entire work, upon the claim of completion made by the contractor, was to be subject to the approval of the architect, superintendent or owner, regardless of whether or not the owner or architect, during the progress of the work, had expressed

dissatisfaction therewith. In other words, the mere failure of plaintiff, during the progress of the work, to express dissatisfaction therewith, or direct the attention of the contractor to omissions, could not upon the facts shown be deemed a waiver by plaintiff of his right to a structure of the dimensions and constructed of the materials called for by the contract and for which he paid the price. (*Perry* v. *Quackenbush,* 105 Cal. 310, [38 Pac. 740].) This being true, and since, as alleged in the complaint, defendant failed to construct the building in accordance with the plans and specifications therefor, but in doing the work used materials other than those called for by the contract, and omitted the doing of work specified therein, it follows that it is sufficient to state a cause of action.

[1] However awkwardly drawn the complaint may be, it is not obnoxious to the general demurrer interposed. It shows the making of the contract, the performance on the part of plaintiff of all the conditions thereby imposed upon him, the breach of the contract by defendant, and the resulting damages, for which, upon proof of such facts and the absence of any sufficient defense, plaintiff would be entitled to judgment.

The judgment is reversed.

Conrey, P. J., and James, J., concurred.