[Civ. No. 10069. First Appellate District, Division One.—January 21, 1937.]

DORIS BUTT, Appellant, v. GEO. P. BURKETT et al., Respondents.

Norman S. Menifee for Appellant.

Rea, Free & Jacka, Irvin A. Frasse, W. A. Johnston and F. L. Johnston for Respondents.

KNIGHT, J.—Plaintiff sued on a promissory note given for the principal sum of $5,500, and upon which there was claimed to be due an unpaid balance of $855. Defendants'

demurrer to the third amended complaint was sustained without leave to amend, and from the judgment of dismissal which followed, plaintiff appeals. The question involved relates to the application of the statute of limitations.

The note, a copy of which was embodied in the complaint, was executed on July 1, 1927, and made payable two years after date. Consequently, according to its terms, the legal remedy afforded for its collection expired by limitation of the statute on July 1, 1933; and the present action was not filed until May 22, 1935. However, the complaint alleged that a payment was made on said note on January 9, 1934; also that the makers of the note have ''at all times since the execution of said note and to and including the 9th day of January, 1934, admitted the existence of said obligation and have on many occasions subsequent to the execution of said note, both prior and subsequent to July 1, 1933, and within four years prior to the filing of this action, acknowledged to plaintiff in writing the existence of said obligation to plaintiff herein''. Plaintiff contends, therefore, that the foregoing alleged facts are legally sufficient to remove the bar of the statute of limitations. We are unable to sustain this contention.

In *Clunin* v. *First Federal Trust Co.*, 189 Cal. 248 [207 Pac. 1009], the Supreme Court reviewed many of the former decisions dealing with renewal acknowledgments, and it was there said: ''It is clear from all these decisions that no writing is sufficient as an acknowledgment under section 360 [Code Civ. Proc.], unless it contains some reference to a debt, which, either of itself or with the aid of permissible evidence of extrinsic facts in explanation, amounts to an admission that there is a debt existing to the creditor to whom the writing is sent *which the debtor is liable to pay and willing to pay.*'' (Italics ours.) In so holding the court pointed out that the first decisions in this state upon the subject showed some uncertainty with respect to the character of writing by which the acknowledgment should be shown, but that in subsequent cases the law was crystallized into a clear statement of the rule. And then taking up those subsequent cases, the court went on to say: ''In *McCormick* v. *Brown,* 36 Cal. 180, 185 [95 Am. Dec. 170], where the court was considering the effect of a letter as an acknowledgment of a debt, it was said: 'The acknowledgment referred to in

the statute is not such as may be deduced by inference from a promise or an offer to pay a part of the debt, or to pay the whole debt in a particular manner, or at a specified time, or upon specified conditions. The acknowledgment, say the cases, must be a direct, distinct, unqualified, and unconditional admission of the debt which the party is liable and willing to pay.' In *Biddel* v. *Brizzolara,* 56 Cal. 374, 380, the court . . . said: 'The "acknowledgment" must be a direct and unqualified admission of an existing debt which the party is *willing to pay.'* And in connection with the quotation it gives a passage from *Bell* v. *Morrison,* 1 Pet. 351, 362 [7 L. Ed. 174], containing the following: 'Such an acknowledgment ought to contain an unqualified and direct admission of a previous subsisting debt, which the party is liable and willing to pay.' In *Pierce* v. *Merrill,* 128 Cal. 473, 476 [61 Pac. 67, 68, 79 Am. St. Rep. 63], the last sentence of the above quotation from *McCormick* v. *Brown* is quoted and followed. The same idea has been stated in slightly different language as follows: 'The acknowledgment must be a direct, unqualified and unconditional admission of a debt which a party is liable and is willing to pay.' (*Curtis* v. *Sacramento,* 70 Cal. 412, 414 [11 Pac. 748].)'' Some of the other cases holding to the same effect are *Rodgers* v. *Byers,* 127 Cal. 528 [60 Pac. 42]; *Hayes* v. *O'Marr,* 81 Cal. App. 210 [253 Pac. 749]; *Outwaters* v. *Brownlee,* 22 Cal. App. 535 [135 Pac. 300]; and see, also, 16 Cal. Jur. 584.

Here none of the written acknowledgments plaintiff relied upon were pleaded *in haec verba,* nor were the contents of any of them set forth from which it might be determined that either singly or collectively they amounted to a direct, unqualified and unconditional admission of the debt which defendants *were liable for and willing to pay;* nor did plaintiff plead that such was their legal effect. As will be noted, all that was alleged was that defendants "acknowledged to plaintiff in writing the existence of said obligation to plaintiff herein". It is evident, therefore, that in that state of the pleading the trial court under the authorities above cited properly held that the facts alleged were legally insufficient to remove the bar of the statute of limitations.

█ Nor did the fact that a payment was made on the outlawed debt satisfy the requirements of said section 360, for in this regard it is now well settled that in order to constitute

a valid acknowledgment such a payment must be accompanied by some writing containing a reference to the debt which in itself or with the aid of permissible evidence of extrinsic facts amounts to an admission of the existence of the debt which the debtor is liable for and willing to pay (16 Cal. Jur. 580); and as above shown, in the present case no such writing was pleaded.

We find nothing in any of the cases cited by plaintiff which is at variance with the views above expressed, or which would tend to sustain the sufficiency of the complaint. To the contrary, the law declared in several of them, notably in *Searles* v. *Gonzalez*, 191 Cal. 426 [216 Pac. 1003, 28 A. L. R. 78], *Concannon* v. *Smith*, 134 Cal. 14 [66 Pac. 40], and *Shirley* v. *Shirley*, 83 Cal. App. 386 [256 Pac. 823], clearly supports the trial court's ruling.

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.