[Civ. No. 10793. First Appellate District, Division Two.—October 10, 1938.]

JOHN W. ILSE, as Executor, etc., Appellant, v. IONA BICKERTON BURGESS, as Executrix, etc., Respondent.

Theo. M. Monell for Appellant.

John O'Gara for Respondent.

NOURSE, P. J.—Plaintiff sued as executor of the estate of E. A. Hurd for wages for services alleged to have been rendered the deceased, C. W. Burgess. The demurrer to the complaint was sustained and he has appealed from the judgment of dismissal.

The complaint alleges: the claimant performed special services for the deceased as his personal secretary, in addition to her other employment, from December, 1904, to November, 1928; no agreement was made as to wages, but the reasonable value of her services was $25 a month; in December, 1928, the claimant required hospitalization, and

the deceased paid the expense thereof, amounting to over $1700; thereafter the claimant was employed by deceased at a fixed salary of $75 a month, which was regularly paid to her; the total amount claimed due was the sum of $7,200 less the amount paid for hospitalization. To avoid the plea of the statute of limitations, the plaintiff alleges that the deceased promised to pay the claimant when she "needed the money", and that he would hold the entire sum in trust for her to be paid to her under such conditions. The decedent died in April, 1936. The claim was filed against his estate in November, 1936. The claimant died in February, 1937, and this suit is prosecuted by her executor. Besides the general demurrer, special pleas of laches and the statute of limitations were interposed.

██ The pleading fails to establish an enforceable trust because no fund was created or determined during the lifetime of the trustee, and because a debtor cannot be a trustee for his creditor where the only relation between the parties is that of obligor and obligee. ██ As to the first proposition, the complaint fails to allege that the deceased had any funds during the period of employment with which to pay the debt, or that any funds were deposited by him in bank, or otherwise set apart and held by him in trust. In simple language, it merely alleges that the debtor postponed payment of his debt until a future date, that such debt was never agreed upon or settled between the parties, and that the debtor promised to create a trust for the benefit of the creditor. No trust is created under such circumstances. (*Molera* v. *Cooper*, 173 Cal. 259, 262 [160 Pac. 231].)

██ It is equally well settled that a debtor cannot create a trust for the sole benefit of his creditor out of a debt which he owes without providing a fund for the purpose—that the rights under an obligation are in the obligee and the duties in the obligor, but the latter cannot be trustee of the duties owed by himself. (Restatement of the Law of Trusts, sec. 87.)

██ The plea of laches is good. The claim against the estate was not filed until eight years after the termination of the services. It is not alleged that any demand was made upon the deceased in his lifetime, or that he did anything to prevent or delay the claimant in asserting her rights

under the alleged contract. Laches is thus apparent on the face of the complaint.

■ The plea of the statute of limitations is equally good. The allegation that the contract called for payment "when needed" can mean nothing more than that the claimant should determine when the money was needed. The expression "when needed" under the facts pleaded in the complaint is equivalent to when "required" or "desired" as stated in the claim filed against the estate. Hence, the claimant had the right to demand payment at her will, and was entitled to the money whenever she should determine that she needed or desired it. Nothing to the contrary appearing in the complaint, the presumption is that the hiring was from month to month, with the wages due accordingly. (Sec. 3002, Labor Code, formerly sec. 2011, Civ. Code.) ■ Where, as here, a plaintiff has it in his power at all times to fix his right of action by making a demand on the defendant, such demand must be made within a reasonable time after it can be lawfully made. (16 Cal. Jur., pp. 493, 494.) Numerous authorities hold that, in any event, such a demand must be made within the period of the statute of limitations. Here the moneys sued for are alleged to have become due over a period of thirty-two years before demand was made, and none became due within a period of eight years before that time. ■ The underlying purpose of the statute of limitations is to prevent stale claims which may be prosecuted fraudulently when the debtor is unable, from lapse of time, to make his defense. The merit of such restrictions is clearly illustrated in cases of this character which seek to enforce a nebulous oral contract with a decedent which the rightful heirs are unable to disprove.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 8, 1938.