[Civ. No. 20720.   Second Dist., Div. Three.   June 22, 1955.]

GUY N. STAFFORD, Appellant, v. THE OIL TOOL CORPORATION (a Corporation), Respondent.

Guy N. Stafford, in pro. per., for Appellant.

James J. Baker, Joseph A. Ball and Alfred D. Williams for Respondent.

VALLÉE, J.—Appeal by plaintiff from a judgment entered on an order sustaining defendant Oil Tool Corporation's demurrer to the first, second, and third counts of the fourth amended complaint, and from an order denying his motion to tax costs. Three counts were pleaded. The demurrer to each count was general and special. The judgment states

that defendant's general demurrers to the first and second counts were sustained without leave to amend; "and defendants' General Demurrer to plaintiff's third cause of action was sustained" with leave to amend. Plaintiff declined to amend.

## COUNT I

The first count alleges: In January 1948 plaintiff sold 2,000 feet of casing which had a value of $4.25 a foot to defendant for $3.00 a foot cash and defendant's oral agreement that it would compensate plaintiff for the difference, $1.25 a foot, by selling oilfield goods to him at reduced rates on credit "at any future time." In June 1950 defendant delivered some used tubing to plaintiff pursuant to the agreement of January 1948. In July 1950 plaintiff returned that tubing to defendant at its request. On November 15, 1951, defendant delivered some other tubing to plaintiff pursuant to the agreement of January 1948. In February 1952 plaintiff returned that tubing to defendant on its demand. In March 1952 plaintiff requested tubing of defendant; defendant stated it had no tubing in stock but it would have tubing in about three weeks and defendant, pursuant to the agreement of January 1948, agreed to deliver tubing to plaintiff therefrom. After March 1952 plaintiff "made requests" of defendant for tubing; defendant failed to comply with the requests and has not furnished any tubing to plaintiff "subsequently"; defendant has no intention to further perform the agreement of January 1948. As a direct result of defendant's breach of its agreement plaintiff has suffered loss and damage.

The action was commenced on November 19, 1953. The first count is predicated on the oral contract of January 1948. One of the grounds of the demurrer was that it is barred by the statute of limitations. The parties agree that Code of Civil Procedure, section 339, subdivision 1, which prescribes a two-year limitation for the commencement of an action on a contract not founded on a written instrument, applies. They disagree as to when the statute began to run. Plaintiff contends the statute did not begin to run until the first demand for performance.

Where a demand is an integral part of a cause of action, the statute of limitations does not run until demand is made. The plaintiff cannot, however, indefinitely suspend the running of the statute by delaying to make a demand. The general rule is that where demand is necessary to

perfect a right of action and no time therefor is specified in the contract, the demand must be made within a reasonable time after it can lawfully be made. ■ What is a reasonable time' depends upon the circumstances of each case; but in the absence of peculiar circumstances, a time coincident with the running of the statute will be deemed reasonable, and if a demand is not made within that period, the action will be barred. (*Thomas* v. *Pacific Beach Co.,* 115 Cal. 136, 142-143 [46 P. 899] ; *Bass* v. *Hueter,* 205 Cal. 284, 287 [270 P. 958] ; *Fall* v. *Lincoln Mortg. Co.,* 115 Cal.App. 651, 655 [2 P.2d 58] ; *Ilse* v. *Burgess,* 28 Cal.App.2d 654, 657 [83 P.2d 527].)

■ Where, as here, a plaintiff has it in his power at all times to fix his right of action by making a demand on defendant, such demand must be made within a reasonable time after it can be lawfully made, and such a demand must be made within the period of the statute of limitations. (*Ilse* v. *Burgess, supra,* 28 Cal.App.2d 654, 657.)

■ Plaintiff says that if a party indicates his intention to perform an oral agreement within two years before the action is commenced, the action is not barred by the statute, citing section 360 of the Code of Civil Procedure which reads:

''No acknowledgment or promise is sufficient evidence of a new or continuing contract, by which to take the case out of the operation of this title [time of commencing civil actions], unless the same is contained in some writing, signed by the party to be charged thereby. . . .''

To come within the section the acknowledgment or promise must be in writing and signed by the party to be charged. (*Western Coal & Mining Co.* v. *Jones,* 27 Cal.2d 819, 822-823 [167 P.2d 719, 164 A.L.R. 685] ; *Butt* v. *Burkett,* 18 Cal. App.2d 612, 614 [64 P.2d 437] ; *McCormick* v. *Brown,* 36 Cal. 180, 185 [95 Am.Dec. 170].) Plaintiff did not plead a written acknowledgment or promise. The fact that in June 1950, two and a half years after the oral contract was made, defendant delivered tubing to plaintiff which plaintiff returned in July 1950, that defendant delivered other tubing to plaintiff on November 15, 1951, which plaintiff returned in February 1952, and that plaintiff made futile demands for tubing in March 1952 and thereafter, does not operate to take the case out of the operation of the statute.

The statute began to run in January 1948. Since it affirmatively appears that plaintiff did not make a demand within the period coincident with the running of the statute of limitations nor secure a written acknowledgment or promise

sufficient to take the case out of the operation of the statute, the cause of action pleaded in the first count is barred.

## Count II

Count II alleges substantially the same facts as count I and, in addition: In July 1950 plaintiff owned about 4,200 feet of tubing. About that time defendant *borrowed* the tubing and orally agreed that it would replace it with like tubing when needed by plaintiff. In September 1950 plaintiff needed tubing and requested defendant to replace the tubing *loaned* to it in July 1950. Defendant informed plaintiff it had no tubing in stock and that the tubing would be replaced as soon as it was available. On November 15, 1951, defendant delivered 4,200 feet of used tubing to plaintiff as replacement of the tubing loaned to it in July 1950. Plaintiff suffered damage by reason of the failure of defendant to replace the tubing in September 1950.

Plaintiff argues that the second count is for the conversion of personal property and that the three-year statute of limitations applies. The contention is untenable. The count pleads a cause of action for damages arising out of defendant's alleged breach of a loan for exchange. The agreement, as pleaded, was that in July 1950 defendant borrowed 4,200 feet of plaintiff's tubing and agreed to "replace said tubing . . . when needed by plaintiff." Section 1902 of the Civil Code provides:

"A loan for exchange is a contract by which one delivers personal property to another, and the latter agrees to return to the lender a similar thing at a future time, without reward for its use."

Section 1904 of the Civil Code provides:

"By loan or exchange the title to the thing lent is transferred to the borrower, and he must bear all its expenses, and is entitled to all its increase."

Title to the tubing therefore passed to defendant at the time it was borrowed and delivered. The second count does not state a cause of action for conversion.

One of the grounds of demurrer to the second count was that it is barred by the statute of limitations. The court correctly so held.

## Count III

This count alleges a cause of action for damages arising out of the failure of defendant to replace tubing loaned to it by plaintiff in February 1952. It is alleged that in

March 1952 and thereafter plaintiff demanded the return of the tubing and that defendant failed and neglected to do so to plaintiff's damage. It is not contended that the cause of action pleaded is barred by the statute. The only argument made is that the third count is uncertain, ambiguous, and unintelligible.

As recited in the judgment it was the general demurrer, and not the special demurrer, to this count that was sustained. ▉ The third count pleads facts sufficient to state a cause of action for a breach of an alleged oral contract of February 1952. It alleges the contract, the breach, and damages. (*Barber* v. *Cazalis,* 30 Cal. 92, 96; *Banducci* v. *Sresovich,* 52 Cal.App. 637 [199 P. 72].) Our examination of the third count reveals no ground for a special demurrer.

Plaintiff also appeals from an order taxing costs on the ground that the allowance of an item representing the cost of taking his deposition was erroneous. In view of the fact that the judgment must be reversed as to count III, the necessity for a deposition and the reasonableness of the expenditure therefor cannot be determined at this time. If plaintiff should prevail with respect to count III the court may determine that none or a part only of the deposition should be charged against him. The order taxing costs must therefore be reversed.

The judgment as to counts I and II is affirmed. The judgment as to count III is reversed. The order taxing costs is reversed. Plaintiff will bear two-thirds and defendant one-third of the costs on appeal.

Shinn, P. J., and Wood (Parker), J., concurred.

A petition for a rehearing was denied July 21, 1955, and respondent's petition for a hearing by the Supreme Court was denied August 17, 1955.