Filed 7/17/14  Kirschenmann v. Bender CA5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| CHARLES KIRSCHENMANN, | |
| Plaintiff and Appellant, | F066714 |
| v. | (Super. Ct. No. CV-275232) |
| ROBERT BENDER et al., | **O P I N I O N** |
| Defendants and Respondents. | |

-ooOoo-

## THE COURT*

APPEAL from the judgment of the Superior Court of Kern County.  Sidney P. Chapin, Judge.

Darling & Wilson, Joshua G. Wilson; Thomas Anton & Associates, Thomas J. Anton and Gina M. Cervantes for Plaintiff and Appellant.

Kuhs & Parker, Bernard C. Barmann, Jr. and Keri L. Bland for Defendants and Respondents.

-ooOoo-

Appellant Charles Kirschenmann appeals from the judgment entered after the trial court granted summary judgment for respondents Robert and Stacie Bender (Bender) on

---

\*      Before Levy, Acting P.J., Cornell, J., and Kane, J.

the ground that appellant's complaint for breach of oral contract was barred by the two-year limitations period in Code of Civil Procedure section 339.[1]  Kirschenmann contends the trial court erred in granting summary judgment because Bender did not establish that the complaint was barred by the statute of limitations.  We will affirm.

## FACTS AND PROCEDURAL HISTORY

In 2004, Kirschenmann Farms, Inc. (KFI) was disassociating and selling its assets. Kirschenmann, who was a member of KFI's Board of Directors, proposed to purchase KFI's New Sabo Ranch and KFI agreed to the sale.  At the time, Kirschenmann's friend and business associate, Bender, wanted to purchase farm property for a tax-deferred exchange under 26 United States Code section 1031 (section 1031 exchange).  Therefore, when KFI agreed to allow Kirschenmann to purchase New Sabo Ranch in the summer of 2004, Bender asked Kirschenmann to sell him the ranch.  As part of the agreement, Bender asked that Sierra Farms, Inc., an entity in which Kirschenmann, his son Brian, and Bender were involved, lease New Sabo and pay rent in an amount sufficient to pay Bender's interest expenses.  Bender also agreed that "at a point in the future," he and Kirschenmann would both take title in the ranch and would share any profits derived from its development.  At the August 2004 KFI board meeting, the board approved the sale of the New Sabo property to Bender for $500,000.  Bender purchased the property in October 2004 for that amount.

According to Kirschenmann, in September 2004, he and Bender entered into an oral agreement regarding the New Sabo property.  Pursuant to the agreement, Kirschenmann would allow Bender to purchase the property to accommodate Bender's section 1031 exchange tax deadline.  But, at some point in time, Bender was to find other

---

[1]     All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

2

property he wanted to purchase. Kirschenmann would purchase that property and Bender and Kirschenmann would carry out another section 1031 exchange and Bender would convey the New Sabo property to Kirschenmann at the price Bender paid for the property. In addition, Bender agreed to lease the property to Sierra Farms, who owned the adjacent "shed" property. Sierra Farms was owned 25 percent by Kirschenmann, 25 percent by his son Brian, and 50 percent by CSS. CSS was a "farming outfit from the Midwest" in which Bender was a principal. The original lease was for three years and expired on December 31, 2007. The five-year extension expired on December 31, 2012. At some point, Sierra Farms subleased the property to KFI, which is owned 25 percent by Kirschenmann, 25 percent by Brian, and 50 percent by Sierra Farms Corporation, which is owned by Kirschenmann's grandchildren.

Kirschenmann did not pursue the New Sabo conveyance sooner because he was waiting for Bender to tell him he had found another property so they could carry out the exchange. He did not demand that Bender convey the property until the fall of 2011. In his demand letter to Bender, Kirschenmann asked that Bender find new property and return the New Sabo Ranch land to Kirschenmann pursuant to their agreement. While the agricultural real estate property values were "stagnant" in 2004, by 2011 the New Sabo property was worth over a million dollars. Bender did not respond to Kirschenmann's demand.

At his deposition, Kirschenmann described the terms of the oral agreement he had with Bender. There were no witnesses to the conversation that resulted in the oral agreement and Kirschenmann could not recall anything Bender said or did during the conversation. With regard to the time of performance term, Kirschenmann initially testified that he expected Bender to convey the property sooner rather than later—that the agreement was for a short term. Later, he testified that the time of performance was

3

within the terms of the lease. Kirschenmann also testified that it was within his power at all times to require Bender's performance by making a demand.

In November 2011, Kirschenmann sued alleging that Bender had breached the oral agreement by refusing to convey the property to him and seeking specific performance. Bender denied the allegations of the complaint and, as an affirmative defense, alleged that the claim was barred by section 339's two-year statute of limitations. Bender moved for summary judgment on the ground that the oral contract between the parties did not specify a time for performance. Therefore, the time for Kirschenmann to demand Bender's performance was limited to the two-year limitations period in section 339 applicable to breaches of oral contracts.[2]

The trial court found that Bender had established his statute of limitations defense and Kirschenmann's proffered evidence failed to raise a triable issue of fact for two reasons. First, the court sustained Bender's objections to Kirschenmann's evidence on the ground that Kirschenmann had not authenticated any of the documents submitted in support of his opposition. And second, the evidence was irrelevant because there was no dispute that Kirschenmann had the power at all times to fix his right of action by making demand on Bender. Therefore, Bender had established that the statute of limitations had run on the breach of oral contract claim. Judgment was entered accordingly and Kirschenmann appealed.

---

[2]     Bender also moved for summary judgment on the ground that Kirschenmann had no evidence that Bender had assented to the oral contract, but the trial court found he had not carried his burden to establish that fact. Bender asserts the trial court erred in that regard, but we need not address that issue if we affirm the judgment on the alternative ground.

4

## DISCUSSION

### *Standard of Review*

A defendant may move for summary judgment if he contends the action has no merit. (§ 437c, subd. (a).) A defendant moving for summary judgment has the initial burden of showing a cause of action is without merit. One of the ways the defendant meets that burden is by showing there is a complete defense to the cause of action. (*Id.*, subd. (p)(2).) If the defendant makes such a showing, the burden shifts to the plaintiff to produce evidence demonstrating the existence of a triable issue of material fact. (*Hutton v. Fidelity National Title Co.* (2013) 213 Cal.App.4th 486, 492 (*Hutton*).) "'A trial court properly grants summary judgment where no triable issue of material fact exists and the moving party is entitled to judgment as a matter of law.' [Citation.]" (*Conroy v. Regents of University of California* (2009) 45 Cal.4th 1244, 1250.)

In reviewing an appeal from a summary judgment, our task is to determine de novo whether an issue of material fact exists and whether the moving party is entitled to summary judgment as a matter of law. We independently review the parties' papers supporting and opposing the motion, using the same rules and standards as the trial court. First, we identify the issues framed by the pleadings. Second, we determine whether the moving party's showing has established facts which justify a judgment in the moving party's favor. Third, when a summary judgment motion prima facie justifies a judgment, we determine whether the opposition demonstrates the existence of a triable issue of material fact. In doing so, we liberally construe the opposing party's evidence, except that to which objections were made and sustained, we strictly construe the moving party's evidence, and we resolve all doubts in favor of the opposing party. (*Hutton, supra*, 213 Cal.App.4th at pp. 493-494; *State Dept. of Health Services v. Superior Court* (2003) 31 Cal.4th 1026, 1035.)

5

*Analysis*

### 1. Issues Framed by the Pleadings

Kirschenmann alleged that he had an oral contract with Bender, that Bender would find property financially equivalent to the New Sabo property, Kirschenmann would purchase that property, and Kirschenmann and Bender would then exchange those properties in a section 1031 exchange. As a result, Bender would convey the New Sabo property to Kirschenmann at a later date. Consistent with the agreement, KFI permitted Bender to purchase the New Sabo property in October 2004. Kirschenmann fully performed his promises under the agreement, was able and willing to pay the agreed-upon original sales price for the property, and in 2011, demanded that Bender convey the property to him. Bender breached the agreement by refusing to transfer the property to Kirschenmann as promised.

In defense of that claim, Bender alleged, among other things, the breach of oral contract claim was barred by the two-year statute of limitations pursuant to section 339.

### 2. Bender's Showing that Prima Facie Evidence Justified Judgment

Bender contended he was entitled to summary judgment because, assuming an oral agreement was formed in 2004 as alleged, section 339's two-year statute of limitations, asserted as his seventh affirmative defense, barred the 2011 claim for breach of an oral agreement. Thus, Bender had a complete defense to Kirschenmann's claims.

**The Law**

Section 339 provides that a cause of action on an oral contract must be brought within two years. A cause of action for breach of contract ordinarily accrues at the time of the breach, and the statute of limitations begins to run then. (3 Witkin, Cal. Procedure (5th ed. 2008) Actions, § 520, p. 664.) When a contract fails to specify the time for performance of the promised act, a demand for performance is necessary to put the promisor in default. That is, the promisor must be given the opportunity to perform

6

before he can be found to have breached the agreement.  (*Caner v. Owners Realty Co*. (1917) 33 Cal.App. 479, 480 (*Caner*).)

If the defendant's obligation to perform arises when the plaintiff demands performance, courts have held that the demand must be made within a reasonable time and the statute of limitations will begin to run after that time has elapsed.  (3 Witkin, Cal. Procedure, *supra*, Actions, § 532, p. 683; *Bass v. Hueter* (1928) 205 Cal. 284, 287.)  The reason for this rule is that the plaintiff is not permitted to control and indefinitely suspend the running of the statute of limitations by neglecting or deliberately refusing to assert his right.  (*Williams v. Bergin* (1897) 116 Cal. 56, 60-61; *Phillis v. Santa Barbara* (1964) 229 Cal.App.2d 45, 55.)  Where a plaintiff has it in his power at all times to fix his right of action by making a demand on defendant, the demand must be made within a reasonable time after it can be lawfully made, and the demand must be made within the period of the statute of limitations.  (*Stafford v. Oil Tool Corp*. (1955) 133 Cal.App.2d 763, 766.)

The "reasonable time" allowed to make the demand depends on the circumstances of each case.  But because this approach invites litigation of the issue and potentially results in all sorts of contradictory decisions, courts have added the qualification that, in the absence of peculiar circumstances, a period equal to that of the statute of limitations is reasonable.  Under this approach, the plaintiff has at most a double statutory period─two years plus two years─on an oral contract.  (3 Witkin, Cal. Procedure, *supra*, Actions, § 533, p. 683; *Bass v. Hueter*, *supra*, 205 Cal. at p. 287.)

For example, in *Jenkins v. Marsh* (1913) 22 Cal.App. 8, the creditor sought to recover on the debtor's oral agreement to repurchase corporate stock from the creditor at an agreed-upon sum at any time after the agreement date upon the creditor's demand.  The creditor did not demand repurchase until more than five years later.  The action was time-barred by section 339.  The creditor was obligated to make his demand within a reasonable time.  A "reasonable time" was equivalent to the statute of limitations barring

7

the action. Thus, the creditor had two years from the date of the contract in which to make his demand. His demand and this action—brought more than five years later—were thus barred by the statute of limitations. (*Jenkins v. Marsh, supra*, 22 Cal.App. at pp. 9-10; accord, *Caner, supra*, 33 Cal.App. at pp. 480-481 [buyer's action for seller's breach of a written promise to grade streets at an unspecified time, made five to seven years before suit was filed, was barred by the statute of limitations]; *Ginther v. Tilton* (1962) 206 Cal.App.2d 284, 286 [action for defendant's breach of an oral agreement to help build plaintiff's house after plaintiff helped build defendant's house was barred because demand for performance was not made within period coincident with running of the statute of limitations].)

The reason for the rule disappears when the demand is not under the plaintiff's control, but depends upon the act of another. If the condition of the obligation to perform is some other person's act, and the plaintiff's demand would merely bring pressure on that person, failure to make the demand does not start the running of the statute. (3 Witkin, Cal. Procedure, *supra*, Actions, § 534, pp. 684-685.) For example, in *Williams v. Bergin, supra*, 116 Cal. 56, the contract provided that the plaintiff contractors were entitled to recover on a 1892 contract to provide street work for the county on the street superintendent's assessment and issuance of a warrant. The contractors timely completed the work and the superintendent accepted the work but delayed issuing the warrant. In 1896, the contractors sued to collect on the contract. (*Id.* at pp. 58-59.) By way of demurrer, the defendants contended that because the plaintiffs were entitled to demand the assessment and warrant from the superintendent immediately upon his acceptance of their work, their failure to do so for an unreasonable period of time barred their claim. The court disagreed. Under the allegations, the plaintiffs' right to be paid depended on an official act of a public officer. The allegations of the complaint did not show that it

was the plaintiffs, rather than the public officer, who were responsible for the delay in issuing the warrant. (*Id.* at pp. 61-62.)

**The Evidence**

In support of the motion for summary judgment on the ground that the causes of action for breach of the oral agreement were barred by section 339, Bender presented evidence that: the oral agreement whereby Bender would convey the New Sabo property to Kirschenmann at a later date for $500,000 was made in September 2004. No date of performance was specified, but Kirschenmann had the ability to demand Bender's performance at any time. Agricultural property values were stagnant when the agreement was made, but the property had more than doubled in value by the time Kirschenmann demanded it be conveyed to him. Kirschenmann first demanded performance in August 2011, almost seven years after the contract was made, and filed suit in November 2011 after Bender failed to respond to his demand for conveyance. The two-year statute of limitations applied.

**Analysis**

Under the case law set forth above, Bender's evidence established that Kirschenmann's causes of action based on the alleged oral contract were barred by section 339 and justified a judgment in Bender's favor. The evidence established that the oral agreement that Bender would convey the New Sabo property to Kirschenmann for the same $500,000 price Bender paid for it in 2004 was made in September 2004; Kirschenmann had the power at all times to fix his right of action by demanding that Bender perform under the contract; Kirschenmann failed to demand performance or file suit on Bender's alleged breach of the oral agreement for seven years; by then, the property had more than doubled in value. Accordingly, the evidence shows that Kirschenmann failed to demand performance within a reasonable time and failed to file

9

suit within two years after that.  As such, his causes of action based on the oral contract were barred.  (*Stafford v. Oil Tool Corp.*, *supra*, 133 Cal.App.2d at pp. 766-767.)

### 3.  *Existence of a Triable Issue of Material Fact*

Kirschenmann asserts that triable issues of material fact exist as to the reasonable time within which his demand had to be made.  The only material fact he disputed regarding this issue was whether he had it within his power at all times to fix his right of action by making a demand on Bender.  Kirschenmann asserted that Bender's duty to perform could be triggered by either his demand or Bender's finding a suitable exchange property.

Kirschenmann asserts that the reasonable time in which a demand must be made is not always dictated by the statute of limitations.  Rather, the reasonable time depends on the circumstances of each case.  It is only in the absence of such circumstances that a time coincident with the running of the statute of limitations will be deemed the reasonable time.  (*Stafford v. Oil Tool Corp.*, *supra,* 133 Cal.App.2d at p. 766.)

Kirschenmann contends his deposition testimony creates triable issues of fact as to the reasonable time for performance.  He testified that the terms of the contract provided:

"The terms of the contract was [sic], *at some point in time*, [Bender] was going to … get another piece of property… because I was just accommodating him *for a short term*.  And it was understood that it was for a length of time and I was just trying to help him out."

"*At some point in time*, [Bender] was supposed to find other property to purchase and we were going to do another 1031 exchange back."

"It was understood it was going to take place *in a couple of years, within a year or a couple* ….  [I]t had to take place at least a year after the first exchange.  Actually, I think the law says *two years*."

10

"[Bender's conveyance of the New Sabo property to him was] supposed to happen *sooner than later*."

"There was an understanding he was supposed [to] do it *as soon as convenient*."

"I just assumed [the conveyance] was going to take place *within the next two to three years*."

"[I]t was supposed to probably take place *before the lease was up*."

"[The agreement was] I'm trying to help a guy park money from paying taxes, so I said, 'Let's just go ahead and put the New Sabo in your name, that solves the issue. And *at some point in time*, we're probably going to find some farmland that we need in our business and you can go buy this farm ground and exchange back where the New Sabo belongs back to the shed."

"The original lease was for three years and a five-year extension."

"*Somewhere in that eight years* … the land needs to go back in the shed."

Kirschenmann asserts that the reasonable inference from his testimony was that the timing of the demand was related to Bender's identification of new property. In addition, the time of performance was during the eight-year extended lease term. Thus, there are triable issues of fact with respect to Bender's contractual responsibility to identify suitable property to use in the second exchange transaction and with respect to completing the transaction within the eight-year extended lease term.

Bender responds that waiting seven years to demand performance under an oral contract concerning real estate is "extraordinarily unreasonable." Under Kirschenmann's view of the agreement, Bender invested in property for which he would never receive a return on his investment. And, if land values appreciated in subsequent years, as they did here, Kirschenmann was entitled to purchase the land for much less than its fair market value and reap all the profit.

11

When opposition to a motion for summary judgment is based on inferences, those inferences must be reasonably deducible from the evidence; they cannot be derived from speculation, conjecture, or guesswork. (*Annod Corp. v. Hamilton & Samuels* (2002) 100 Cal.App.4th 1286, 1298-1299.) Moreover, the inference relied on must satisfy the "more likely than not" evidentiary burden the plaintiff will carry at trial. (*Leslie G. v. Perry & Associates* (1996) 43 Cal.App.4th 472, 487.) In this case, the only reasonable inference from the evidence is that the oral agreement failed to specify a time for performance—when Bender was obligated to find equivalent property for a section 1031 exchange so that the New Sabo property would be conveyed to Kirschenmann. Kirschenmann's deposition testimony demonstrated that he was uncertain about the date when performance was due, probably because the parties never specified a date for performance. Kirschenmann understood or assumed that the transaction could have occurred as soon as "30 days after the fact" or as late as eight years after the fact, at the termination of the extended lease. Accordingly, the only reasonable inference from Kirschenmann's testimony was that the date for performance was unspecified. As a result, the oral agreement at issue is governed by the rules applicable to contracts that fail to specify the time for performance of the promised act.

Because the oral agreement failed to specify the time for performance, Kirschenmann was obligated to demand performance before Bender could be liable for breach of the agreement. (*Caner, supra*, 33 Cal.App. at p. 480.) Under settled law, Kirschenmann's demand had to be made within a reasonable time. (Civ. Code, § 1657; *Bass v. Hueter, supra*, 205 Cal. at p. 287.) While the reasonable time allowed to assert the demand depended on the circumstances of the case, absent peculiar circumstances, a period equal to that of the statute of limitations was reasonable. Kirschenmann thus had two years to demand performance and, if Bender failed to perform, an additional two years to bring suit on Bender's breach of the agreement. (*Ibid*.)

12

Kirschenmann's inconsistent testimony did not raise a triable issue of material fact as to the time to perform term of the oral agreement. Generally, reasonableness of time for performance is a question of fact, which depends on the circumstances of the particular case. (*Eidsmore v. RBB, Inc*. (1994) 25 Cal.App.4th 189, 198.) However, given the circumstances of this case, which involved real property subject to fluctuating values, Kirschenmann could not indefinitely suspend the running of the statute of limitations by neglecting to assert his rights until property values had increased substantially. (*Slye v. Brock* (1935) 3 Cal.App.2d 670, 675 [given the nature of the mining property involved, even the four-year statute of limitations might be deemed to be an unreasonable length of time to exercise the option to purchase the property on unspecified date].)

The court need not determine precisely what a reasonable time was in this case. Here, Kirschenmann's demand for performance under the oral agreement made seven years after the agreement, was unreasonable as a matter of law under the circumstances. As such, Kirschenmann's right of action to sue on Bender's failure to perform under the agreement was barred by section 339 and the trial court properly granted summary judgment for Bender.

## DISPOSITION

The judgment is affirmed. Costs are awarded to respondent Bender.

13